### POULNOT v. WESTERN UNION TEL. CO.

1. TELEGRAM—PRESUMPTION—NEGLIGENCE.—Proof of delay in delivering a telegram raises a presumption of negligence on part of telegraph company.
2. NONSUIT.—If there be evidence tending to show negligence and none tending to show wantonness or wilfulness, under the act of 1898, defendant is not entitled to nonsuit on the whole cause of action.
3. IBID.—TELEGRAMS.—Whether a telegraph company has exercised ordinary care and diligence in delivering a message, is for jury to infer from the facts.
4. PUNITIVE DAMAGES may be demanded as a legal right.

Before TOWNSEND, J., Cherokee, October, 1903. Affirmed.

Action by Mamie Poulnot against Western Union Telegraph Co. From judgment for plaintiff, defendant appeals.

*Messrs. Evans & Finley,* for appellant, cite: *There must be wilfulness to warrant punitive damages:* 62 S. C., 235; 57 S. C., 331; 65 S. C., 93. *Whether plaintiff would have gone had telegram been delivered promptly, is not raised by the evidence:* 78 S. E., 700. *As to duty of master in selecting servants:* 40 S. C., 104. *Charge not responsive to issues or to evidence is prejudicial:* 66 S. C., 28.

*Messrs. Butler & Osborne,* contra, cite: *There was proof of wilfulness:* 65 S. C., 125; *and of negligence:* 25 Ency., 1

35—69

ed., 808, 831, n. 3.  *Question of negligence is for jury:* 26 S. C., 490; 60 S. C., 52; 63 S. C., 494; 65 S. C., 430, 517. *Defendant only required to use ordinary care in delivering messages:* 25 Ency., 1 ed., 778. *Charge as to duty in delivering message not on the facts:* 66 S. C., 23; 65 S. C., 169; 60 S. C., 477. *Question of punitive damages is for jury:* 62 S. C., 331; 65 S. C., 516.

August 16, 1904.  The opinion of the Court was delivered by

Mr. Justice Gary.  This is an action for damages on account of the defendant's delay in delivering the following telegram:

"Charleston, S. C., November 28, 1902.  To Miss Mamie Poulnot, care D. H. Hall, 603 Jeffries street.  Grand-mother dying, leave for home by first train; get Hall to purchase ticket.  Will mail him check.  E. H. Poulnot."

The 5th, 6th, 7th and 8th paragraphs of the complaint are as follows:

"5. That said message was received by defendant at its office in Gaffney, on November 28, 1902, at 7.33 o'clock p. m.

"6. That although on said November 28, 1902, after transmission of said message by defendant to its office in Gaffney, plaintiff was continuously at her place of residence in said town, or in easy and convenient access to same, where she could have been easily found and said message delivered, and although she was in easy and convenient reach of defendant's line and within its regular delivery limits in said city, and although defendant had notice of the importance of the contents of said message to plaintiff, and had received other messages almost simultaneously with the one already set out herein and of the same purport, the said defendant wilfully, wantonly and grossly negligently failed promptly to deliver said message to plaintiff or to any one for her, and the same was not delivered to her or any one for her until 10.45

o'clock on the night of the 28th of November, 1902, and in the meantime plaintiff's said grand-mother had died, and was buried in said city of Charleston, on November 29th, 1902, at 3 o'clock p. m. That defendant was paid in advance for the delivery of said message.

"7. That by reason of the wanton, wilful and gross negligence of defendant, in failing to deliver said message promptly as it should have been done, plaintiff was deprived of the privilege of seeing her said grand-mother before her burial, and of attending her funeral, and of being with her family in their bereavement and during said funeral, and was thereby subjected to great suffering and mental anguish, and suffered damage in the sum of one thousand five hundred dollars."

The answer of the defendant was a general denial.

The jury rendered a verdict in favor of the plaintiff for $1,000.

The defendant appealed upon the following assignments of error:

"I. Error in the presiding Judge in admitting in evidence the telegram from the operator at Spartanburg to the operator at Gaffney, dated November 28th, 1903, exhibit C, for the reason that the same was irrelevant.

"II. Error of the presiding Judge in refusing the defendant's motion for a nonsuit made upon the following grounds: (1) The evidence does not show, nor does it tend to show, any wilfulness, wantonness or recklessness on the part of the defendant. (2) The evidence does not show, nor does it tend to show, any degree of negligence in the premises. (3) The evidence shows that after the message sued on was delivered to the plaintiff, she sent a message, in which she notified her mother that she could not go to Charleston, but would write. At that time she did not know the condition of her grand-mother other than what the delayed telegram contained, and she voluntarily refused to go even after the message was received.

"III. Error of the presiding Judge in charging the jury as

follows—same being the first request of the plaintiff: 'A telegraph company for hire is a common carrier—that is, a carrier of news, and it is its duty to promptly deliver all messages entrusted to it for transmission.' The error being that it is not the absolute duty of the telegraph company to promptly deliver all messages entrusted to it for transmission, but only to exercise ordinary care and diligence in effecting a prompt delivery.

"IV. Error of the presiding Judge in charging the jury as follows—this being the plaintiff's second request: 'It is the duty of such telegraph company to employ competent and diligent servants for the delivery of messages entrusted to it for delivery, and if such agent is not competent and it is negligent in the delivery of such message, whereby the addressee of such message suffers mental anguish or other damage, the company is responsible for such negligence.' The error being that it is not the absolute duty of a telegraph company to employ competent and diligent agents for the delivery of its messages, but only to exercise ordinary care in the selection and employment of its agents.

"V. Error of the presiding Judge in charging the jury as follows—this being the sixth request of plaintiff: 'It was the duty of defendant's agent, promptly upon receipt of said message, to make a diligent effort to deliver same to plaintiff.' The error being: (a) It was the duty of the agent, under the circumstances named, to exercise ordinary care. (b) Said charge was one upon the facts, in violation of the Constitution; it assumed the receipt by the agent of the message, a matter in issue.

"VI. Error in the presiding Judge in charging the jury as follows—this being the seventh request of plaintiff: 'If the agent of the defendant intentionally failed to go to the house of the addressee of the telegram, then the plaintiff would be entitled to punitive damages.' The error being that punitive damages cannot be demanded as of legal right, their imposition should be left entirely to the discretion of the jury."

We will first dispose of the exception numbered 1. While

this exception was not formally abandoned, it was not argued by the appellant's attorneys. It, however, cannot be sustained, as the evidence was responsive to the allegations of the complaint, and the objection to its admissibility on the ground that it was irrelevant was not urged in the Circuit Court.

The second exception, assigning error in refusing the motion for a nonsuit, will next be considered. The defendant, as common carrier of messages, owes to the public the duty of using due diligence in the delivery of telegrams. The conduct of the business, from its very nature, demands promptness in transmission and delivery of messages. When the plaintiff shows that the defendant has failed in its duty to deliver promptly, it is incumbent on the defendant to explain its failure.

Due diligence is a question to be determined by the jury; so, likewise, is the question whether the telegram, under all the facts and circumstances of the particular case, was delivered within a reasonable time. *McPeek* v. *W. U. Tel. Co.,* 43 L. R. A. (Iowa), 214. In this case the Court says: "The defendant asserts that no negligence in failing to deliver the message has been shown. If the testimony of Ridgeway be accepted as true, it might be that, in loudly rapping on the door repeatedly, and receiving no response, he exercised reasonable diligence. This is in dispute. The daughter of the plaintiff testified that she was at his home from 9 o'clock p. m., and did not retire until a half hour later, and that she heard no noise at the door. Mr. and Mrs. McPeek also testified that they heard no such noise, and that they would have been likely to have heard it, had there been any. Whether Ridgeway made any effort to rouse the family, is put in question by this evidence. If he was advised of the importance of the message, as claimed by the plaintiff, he was bound to exercise due diligence accordingly, and whether he did so, was for the determination of the jury."

In 25 Enc. of Law (1st ed.), 831, the rule is thus stated: "In ordinary actions for damages resulting from negligent

personal injury, there is properly no presumption of negligence against either party; the mere fact that an injury has occurred, creates no such presumption, except where, from the peculiar circumstances involved, the familiar maxim of *res ipsa loquitur* is applicable. But in actions against telegraph companies for negligently transmitting or delivering a dispatch, it is universally held that proof of an improper transmission, or of a delay in delivery, raises a presumption of negligence against the company, and casts upon it the burden of proof to show that the incorrectness or delay was due to other causes." See, also, cases cited in note 3. These authorities conclusively show that it would have been error for the presiding Judge to have granted the motion for nonsuit on the ground that there was no testimony tending to show *negligence*.

The case of *Griffin* v. *R. R.*, 65 S. C., 122, 43 S. E., 445, decides that, under the act of 1898, the defendant is not entitled to an order of nonsuit on the ground that there is no testimony tending to prove exemplary or punitive damages, if there is testimony tending to support the allegations of negligence.

The third ground of the motion for nonsuit was properly overruled, for the reason that the inference to be drawn from the facts therein mentioned was for the jury and not for the Court.

The third, fourth and fifth exceptions will be considered together. That part of the charge set forth in the exceptions is in harmony with the principles hereinbefore stated.

Furthermore, his Honor, the presiding Judge, stated elsewhere in his charge that the defendant was only bound to exercise ordinary care, which he correctly defined.

We proceed to the consideration of the last exception. In considering the portion of the charge mentioned in the exception, this Court is confined to the specification of error therein urged. The question presented by this exception has been decided against the appellant's

contention, in the case of *Beaudrot* v. ·*R. R.,* in which the opinion has very recently been filed.

Judgment affirmed.

MR. JUSTICE JONES *concurs in the result.*

MR. JUSTICE WOODS, *concurring.* Following the case of *Proctor* v. *Ry. Co.,* 64 S. C., 495, it is said in *Steedman* v. *R. R. Co.,* 66 S. C., 544: "The effect of the act of 1898 is to require that when the same act is described as negligent and as wilful, the pleading shall be treated and considered as if these two inconsistent statements had been made separately in setting out the two distinct causes of action." Two distinct causes of action were alleged in the complaint—one a tort based on the charge of negligence, the other a tort based on the charge of wilfulness and wantonness. In such case, where there is no evidence of wilfulness or wantonness, a nonsuit may be granted as to the cause of action depending on that charge, leaving the cause of action supported by evidence of negligence to be submitted to the jury. "The plaintiff may be nonsuited as to one cause of action and recover as to the rest." 3 Wait's Practice, 160. In this case the motion for nonsuit was as to the whole case, without distinguishing the two causes of action, and confining the motion to the cause of action based on the charge of wilfulness and wantonness. As there was evidence of negligence, the motion made by defendant could not be granted.

I concur, therefore, in affirming the judgment.