HELLAMS v. WESTERN UNION TEL. CO.

1. TELEGRAMS—NONSUIT.—Receipt of message, "Come at once, your mother-in-law not expected to live," with notice of addressee's residence, receipt of fee over usual fee for delivery beyond delivery limits and actual delivery of message, is some evidence of contract to deliver message with reasonable promptness.

2. IBID.—IBID.—PRESUMPTION.—Proof of delay in delivering a message raises a presumption of negligence on part of telegraph company.

3. IBID.—MENTAL SUFFERING—PUNITIVE DAMAGES.—An action for damages for mental suffering for failure to deliver a telegram is *ex delicto,* the contract being referred to merely to show the relation between the parties, and punitive damages may be awarded for wilful breach of defendant's duty.

4. IBID.—TELEPHONE.—The provisions on the back of a telegraph blank as to the company being the agent of the sender in transmission over other lines, does not apply to telephone lines, and the failure of a telegraph company to send a message by telephone, in absence of special contract for that purpose, does not show negligence in transmission, as that would impair the confidential relations assumed in the receipt, transmission and delivery of messages.

Before ALDRICH, J., Charleston, December, 1903. Reversed.

Action by J. E. Hellams against Western Union Telegraph Co. From judgment for plaintiff, defendant appeals.

*Messrs. Smythe, Lee & Frost* and *Geo. E. Fearons,* for appellant, cite: *There is no common law requirement that telegraph company shall deliver messages outside of limits:* Hutch. Car., sec. 171; 25 Ency., 1 ed., 280; 74 S. W., 1098; 27 S. W., 958; 55 S. W., 427; 54 S. W., 417; 22 S. W., 532; 19 S. W., 285; 21 S. E., 166; 7 So., 419; 24 Fed., 119. *As to express contracts with individuals:* 25 S. W., 440; 69 S. W., 122; 65 S. C., 94; 68 S. W., 720; 67 S. W., 515. *Telegraph company is not insurer except by express agreement:* Joyce Elec. Law, sec. 17; 25 Ency., 1 ed., 248; 60 S. W., 687; 43 S. W., 1033; 74 S. W., 922. *Punitive damages are not recoverable in action for breach of contract:* 12 Ency., 2 ed., 20; 20 S. C., 520. *Plaintiff has elected to bring his action ex contractu:* Cooley on Torts, 106; Pom. R. & R. R., secs. 568, 572, 573, 567; 88 N. Y., 638; 47 N. Y. S., 1057; Hutch. on Car., 2 ed., sec. 744; 23 So., 139; 34 N. Y. S., 144; 40 S. C., 393. *Not duty of appellant to transmit message by telephone:* 44 S. E., 209; 124 U. S., 444. *Plaintiff assented to appellant's construction of the contract:* 17 Ency., 23; 5 S. C., 370. *Variance between contract alleged and that proved is fatal:* Hutch. on Car., secs. 447, 751; 89 Ind., 457; 90 Ind., 459. *Punitive damages are not recoverable:* 57 S. C., 325; 53 S. C., 448; 8 Ency., 2 ed., 661; 60 S. C., 67.

*Messrs. Mordecai & Gadsden,* contra, cite: *Nonsuit should not be granted when there is any evidence tending to establish the allegations of the complaint:* 61 S. C., 473. *If in whole charge law is correctly stated, it is not error to refuse particular mode of stating a proposition:* 54 S. C., 599, 90; 65 S. C., 101. *As to damages under mental anguish act:* 23 Stat., 748; 65 S. C., 93, 430; 53 S. C., 210.

November 8, 1904. The opinion of the Court was delivered by

MR. JUSTICE JONES. This action was brought to recover damages for the alleged wanton, wilful and grossly negligent conduct of the defendant in failing to seasonably deliver the following message: "Greenville, S. C., Feb. 11, '02. J. E. Hellams, Sullivan's Island, S. C., Charleston, S. C. Come at once your mother low, not expected to live. D. F. Batson, Jr."

The jury rendered a verdict for five hundred dollars, and from the judgment thereon the defendant company appeals upon exceptions raising the questions which we now consider.

1. There was no error in refusing the motion for nonsuit. The motion was made on the ground that there was no evidence that the particular contract set out in the complaint was made with defendant. The complaint in the second paragraph alleged that on the 11th day of February, 1902, one D. F. Batson, Jr., at Greenville, S. C., within the usual hours of business, in the office of said company, in person presented and filed with the defendant the message set out above and in the third paragraph the complaint alleges: "That the defendant at the said time and place received said message, and there and then promised promptly to transmit the same by telegraph and deliver the same to said J. E. Hellams, the plaintiff herein, the addressee of the said message, as aforesaid, at his said address on Sullivan's Island, Charleston, S. C., as the said address is so particularly set out in said telegraphic message, and that the

said D. F. Batson, Jr., then and there, in consideration of said promise, did pay to the defendant's agent at said office the sum of twenty-five cents for the transmission and delivery of said message to Charleston, S. C., and the further sum of fifty cents, then and there expressly agreed as the consideration for the further transmission thereof to Sullivan's Island, S. C., and delivery to the plaintiff."

The answer admitted the second paragraph of the complaint, and with respect to the third paragraph admitted so much thereof as alleges the receipt of the said message by the defendant, and the prepayment by the plaintiff of the sums therein mentioned, but denied the remainder of the said paragraph. There was testimony that J. E. Hellams, the plaintiff, was at the time residing at Sullivan's Island, was working there as a carpenter under Mr. Pettyjohn, and kept a boarding house near Atlantic Beach Hotel. The message was received at the Charleston office at 6.05 P. M., February 11, and the schedule offered in evidence showed that two boats were due to leave Charleston for Mount Pleasant and Sullivan's Island at 6.30 and 8.40 P. M. The ferry wharf was not exceeding a five or six minutes' walk from defendant's telegraph office. The plaintiff testified that the message was delivered to him by Mr. Pettyjohn at 1 o'clock, February 12th—too late for plaintiff to take an earlier train from Charleston to Greenville than 11 P. M. of that day; that had the message been delivered by 8 o'clock on night of the 11th, he could have reached Charleston and taken the 11 P. M. train of that day, and could have reached his mother a day earlier. During Wednesday, February 12th, plaintiff's mother was conscious, but on Thursday evening, when plaintiff reached her bedside, she was unconscious and died a few hours thereafter, without recognizing him. Plaintiff testified that he thereby suffered mental anguish. The receipt of the message of such tenor by the defendant, with notice that the addressee's residence was Sullivan's Island, and the receipt of fifty cents beyond the usual fee for transimssion of said message to the Charleston

office, and the actual delivery of the message to the plaintiff on Sullivan's Island, was surely some evidence of a contract to deliver the message with reasonable promptness at Sullivan's Island. At the time of the motion for nonsuit, no explanation had been made of the failure to deliver the message on the night of the 11th. Nonsuit was properly refused, as proof of delay in delivering a telegram raises a presumption of negligence on part of the telegraph company. *Poulnot* v. *Western Union Telegraph Company,* 69 S. C., 545.

2. The Court committed no error in refusing to charge the jury, "That the action arises *ex contractu* and, therefore, the jury can find no punitive damages." This action was *ex delicto* not *ex contractu.* The contract was referred to in order to show the relation between the plaintiff and defendant. The action was based upon the tortious breach of the general duty imposed by law because of the relation. It is further contended that the mental anguish act, 23 Stat., 748, only gave an action for compensatory damages for mental anguish or suffering in the absence of bodily injury for *negligence in* receiving, transmitting or delivering messages. Conceding this, there could still be a recovery for punitive damages for a wilful breach of defendant's duty to plaintiff. *Lewis* v. *Telegraph Co.,* 57 S. C., 323, 35 S. E., 556; *Butler* v. *Telegraph Co.,* 62 S. C., 223, 40 S. E., 762; *Marsh* v. *Telegraph Co.,* 65 S. C., 430, 43 S. E., 953.

3. It is excepted that the Court erred in charging plaintiff's seventh request to charge, as follows: "The jury are instructed that if the defendant agreed to become the agent of the sender without liability to forward any message over the lines of any other company, where necessary to reach the destination, and if the defendant could have forwarded said message to the plaintiff by telephone on the evening of its receipt in Charleston, and failed to do so, they should find for the plaintiff. Well, gentlemen, that I charge you, with this modification: I can-

not charge you upon the facts, and I cannot restrict you to saying that if they could have forwarded it by telephone or any other way, and failed to do it, it is liable, because I cannot go into the facts of the case. But I do charge you, that it was the duty of the defendant to deliver the message by all reasonable means, and I have already charged you that in connection, that it was the duty of the telegraph company, on the receipt of a message, the telegraph company ought to use due and reasonable diligence in the prompt transmission and delivery. Negligence is a want of ordinary care, and, therefore, ordinary care is a relative term. What might be ordinary care to one person under certain circumstances might not be to another under different circumstances. Then, as I have explained to you, each one must use ordinary care and diligence in the conduct of the business, according to the business in which he is engaged."

Appellant contends that this charge was erroneous and misleading:

"(a) In that he thereby instructed the jury that it was the duty of the defendant to forward such message by telephone.

"(b) And in that the uncontradicted evidence was that the plaintiff had no telephone at his residence, but that some individuals in his vicinity had telephones in their residences, and the charge of his Honor, when taken in connection with the testimony, meant that it was the duty of the defendant to have telephoned the contents of the message to one or more of such individuals and requested them to convey the same to the plaintiff. This charge imposed upon the defendant a duty it did not owe to the plaintiff, and in view of the testimony was misleading and did mislead the jury."

The request to charge was evidently based upon respondent's construction of the contract indorsed on the back of the paper upon which the message was written, in these words: "And this company is hereby made the agent of the sender without liability to forward any message over the lines of any other company when necessary to reach its des-

tination." We construe this as referring to other telegraph lines and as not referring to telephone lines. We do not think that the law imposes upon telegraph companies the duty to telephone a message, as that would seriously impair the confidential relations assumed in the delivery, receipt and transmission of telegraphic communications. Had the sender or addressee of the message authorized its transmission by telephone to any one who would receive it and undertake to deliver it, that might have been a proper consideration for the jury in determining the question whether defendant used due diligence in delivery of the message. But in this case there was not a particle of evidence that defendant was authorized to telephone the message to some one on Sullivan's Island for communication to plaintiff, and the uncontradicted evidence was that plaintiff had no telephone in his residence, which fact the defendant ascertained on inquiry of the telephone company's office, in its effort to deliver the message by telephone directly to plaintiff. The request to charge should have been refused. Charging the request even with the modification stated was erroneous and misleading, in view of the undisputed facts in the case. This exception is, therefore, sustained.

As this must result in granting a new trial, we do not deem it necessary to consider exceptions to the refusal to grant a new trial.

The judgment of the Circuit Court is reversed, and the case remanded for a new trial.