ARIAL v. WEST. UNION TEL. CO.

1. MENTAL ANGUISH—DAMAGES.—A TELEGRAPH COMPANY, under mental anguish statute, is not liable for mental anguish which is merely incidental to its failure to deliver a message, hence not liable for damages for mental anguish for failure to deliver answer to telegram which did not indicate an answer, and plaintiff was left in doubt as to the coming of sender, and left the bedside of his dying father to meet incoming trains.

2. NEGLIGENCE.—Failure to deliver a telegram within a reasonable time raises a presumption of negligence on part of company.

3. DAMAGES.—PUNITIVE damages may be recovered in cases where only actual nominal damages were sustained, but where there has been an intentional invasion of plaintiff's rights.

4. NONSUIT—MENTAL ANGUISH.—In an action under mental anguish statute, it is improper to grant nonsuit on failure of plaintiff to show facts entitling him to punitive damages, as jury might have found that defendant was liable for other damages.

Before PURDY, J., Greenville, April, 1903.    Reversed.

Action by W. O. Arial against Western Union Telegraph Company. From judgment on Circuit, defendant appeals.

*Messrs. Geo. H. Fearons* and *Evans & Finley,* for appellant. The latter cite: *There can be no recovery for punitive damages if no actual damages:* 60 S. C., 72, 41 S. E., 881; 44 S. W., 538; 12 S. W., 534; Crosw. Elec., sec. 649; Thomp. Elec., secs. 386, 387. *There can be no recovery for continued anxiety, for failure to relieve suspense:* 41 S. E., 882; 12 S. W., 534; 30 S. W., 1105, 1107; 42 S. W., 549; 56 S. W., 1127.

*Messrs. Blythe & Blythe,* contra, cite: *No error in refusal to strike out allegations:* Code of Proc., 186; 63 S. C., 363; 54 S. C., 503; 21 Ency., 487; 60 S. C., 14; 8 Ency., 581; 65 S. C., 436; 63 S. C., 428; 65 S. C., 99, 516, 437, 407; 54 S. C., 504. *Nonsuit properly refused:* 67 S. C., 129; 69 S. C., 534; 8 Ency., 542, 551-5; 12 Ency., 30; 57 S. C., 331; 60 S. C., 72; 64 S. C., 514, 99, 516.

February 7, 1905. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages alleged to have been sustained by the plaintiff in consequence of defendant's failure to deliver certain telegrams. The allegations of the complaint material to the questions presented by the exceptions, are as follows:

"II. That on the 13th day of January, 1903, the plaintiff sent through the defendant at Piedmont, S. C., several messages to various parties, signed by himself, among them being two messages, one addressed to Rev. W. H. Arial, at Rock Hill, S. C., and the other addressed to Rev. J. W. Arial, at McColl, S. C., informing them that plaintiff's father was very ill, and requesting them to come at once to his bedside;

the addressees of both of said telegrams were brothers of plaintiff's father. Both of said telegrams were promptly delivered by the defendant to the parties addressed.

"III. That on the 13th day of January, 1903, the said Rev. W. H. Arial delivered to the defendant, at its office at Rock Hill, S. C., the following message, addressed to plaintiff, at Piedmont, S. C., signed by himself: 'How is your father? Must I come? Can't come until to-morrow.' That on the said 13th day of January, 1903, Rev. J. W. Arial delivered to the defendant, at its office at McColl, S. C., the following message, addressed to plaintiff at Piedmont, S. C., signed by himself: 'So sorry can't come. Will write.' Both of said messages were in response to the telegrams sent by plaintiff, as alleged in paragraph II. of the complaint.

"IV. That the defendant was fully apprised of the importance of the said messages and the annoyance, anxiety and mental anguish that would result to the plaintiff if said messages were not promptly delivered, received the same with knowledge of their importance, and promised promptly to transmit by telegraph and promptly deliver the same to the said W. O. Arial, at his residence in Piedmont, S. C., and the said Rev. W. H. Arial and the said Rev. J. W. Arial, in consideration thereof, on said date, the former at Rock Hill, S. C., and the latter at McColl, S. C., each paid in advance to the defendant its regular charges on the telegram sent by him.

"V. That although the said W. O. Arial was at his residence, within the corporate limits of the said town of Piedmont, and within the delivery limits of the defendant in said town, and within one-fourth of a mile from the office of the defendant, during the whole of the said 13th and 14th of January, except at such times as he was at the depot in which defendant's office was located, and although said defendant could have easily delivered said telegrams to plaintiff, the said defendant negligently, recklessly, wilfully, and with wanton disregard of the rights of the plaintiff,

failed in its duty to deliver said telegrams to plaintiff, and neither of said telegrams have ever yet been delivered to him. That in the meantime, to wit: on the 14th day of January, 1903, in the afternoon of said day, plaintiff's father died.

"VI. That by reason of the negligent, reckless, wilful and wanton failure of the defendant to deliver said messages to plaintiff, as aforesaid, plaintiff was left in uncertainty as to whether his uncles, or either of them, were coming, was compelled to leave the bedside of his dying father and meet all incoming trains, and was actually at the depot when his father died; that by reason of each and all of the foregoing facts, plaintiff was subjected to and suffered great mental worry, anxiety, humiliation and anguish, all to his damage in the sum of $1,000."

The defendant made a motion to strike out certain allegations of the complaint. The motion was granted as to some, but refused as to others. The jury rendered a verdict in favor of the plaintiff for $500.

The first and second assignments of error are as follows:

"1st. In that the Circuit Judge erred in refusing to strike out the allegation in paragraph 6th of the complaint, that the 'plaintiff was left in uncertainty as to whether his uncles, or either of them, were coming.' The error being that the same is irrelevant and does not state any element of damage contemplated by the statute, the same being remote, speculative, and not the proximate result of any act of defendant.

"2d. In that the Circuit Judge erred in refusing to strike out the allegation in paragraph 6th of the complaint, 'that the plaintiff was compelled to leave the bedside of his dying father and meet all incoming trains, and was actually at the depot when his father died.' The error being that the same is irrelevant, the act related being a voluntary one on the part of plaintiff, for which the defendant could not be responsible, the plaintiff being a human being of mature

years and a free agent, the facts alleged do not constitute
an element of damage contemplated by the statute, the same
being fanciful, remote and not a proximate result of any act
of the defendant complained of."

Section 2223 of the Code of Laws, in regard to mental
anguish, is as follows: "All telegraph companies doing busi-
ness in this State, shall be liable in damages for mental
anguish or suffering, even in the absence of bodily injury,
for negligence in receiving, transmitting or delivering mes-
sages. Nothing contained in this section shall abridge the
rights or remedies now provided by law against telegraph
companies, and the rights and remedies provided for by this
section shall be in addition to those now existing. In all
actions under this section the jury may award such damages
as they conclude resulted from negligence of said telegraph
companies."

The statute was not intended to make the company liable
in all cases for mental anguish and suffering, where there
was negligence in receiving, transmitting or delivering mes-
sages. In order to render the company liable in damages
for mental anguish, the suffering must have been the direct,
natural and proximate result of its negligence in receiving,
transmitting or delivering the message. The message must
show upon its face, or the company must have knowledge of
such facts as will enable it to foresee that the failure to per-
form its duty may reasonably be expected to result in mental
suffering. The company is not liable in damages for mental
anguish, when it was merely *incidental* to the failure to per-
form its duty, as in such cases the suffering could not be
reasonably anticipated, and was not a result which, it could
be said, the parties had in contemplation in entering into
the contract. The main object of the messages which the
plaintiff sent to his uncles was to inform them of his father's
extreme illness, in order that they might come at once to
his bedside. The information was intended for their benefit,
and there was not even a request for an answer to those tele-

grams. The messages, which the uncles sent to the plaintiff, were merely intended to let him know their determination as to coming. The uncertainty under which the plaintiff labored as to their coming, was a mere incident in connection with the messages; and the fact that he met all incoming trains was not a result reasonably to be expected from the failure of the defendant to deliver the telegrams sent by his uncles, especially as there was no intimation in the messages sent to them that he would take such action. His Honor, the Circuit Judge, therefore, erred in refusing to strike out the said allegations from the complaint, and these exceptions must be sustained.

The third assignment of error is as follows: "3d. In that the Circuit Judge erred in refusing the motion of defendant's attorneys for nonsuit for the reasons urged, to wit: (a) The testimony does not tend to establish the cause of action alleged in the complaint. (b) The testimony shows that the only mental perturbation experienced by the plaintiff as to the result of the failure to deliver the telegram was doubt and uncertainty as to the coming of the uncles, which supervened after his father's death. Such doubt and uncertainty furnish no basis for the recovery of damages. (c) There is no evidence of any actual damages sustained by plaintiff. There can, therefore, be no recovery of punitive damages. *Watts* v. *Ry.*, 60 S. C., 72, 38 S. E., 240. (d) There is no evidence tending to show such conduct on the defendant's part as will justify the infliction of punitive damages."

We will first consider subdivision (a). The statute in regard to mental anguish hereinbefore set out, provides that the remedy for mental suffering shall be in addition to other existing remedies. There was testimony tending to show that the telegrams were not delivered within a reasonable time. If they were not delivered within a reasonable time, then there was a presumption of negligence on the part of the company, and the burden of proof was cast upon it to show that the unreasonable delay was not due to its negligence. *Poulnot* v. *Tel. Co.*, 69 S. C., 545.

Subdivision (b) will next be disposed of. Conceding that there was no testimony furnishing basis for the recovery of damages for mental anguish, the defendant was not entitled to a nonsuit, as we have shown in considering subdivision (a).

We will next consider subdivision (c). Punitive damages are recoverable when there has been an intentional invasion of the plaintiff's rights, although the damages sustained by him are nominal. If this was not the law, a wrongdoer would in many cases escape pecuniary punishment for his wilful or reckless conduct.

Lastly, we will consider subdivision (d). Even if there was no testimony tending to show that the plaintiff was entitled to punitive damages, it would have been improper to grant the nonsuit, as the jury might have found from the testimony that the defendant was liable for other damages.

The fourth assignment of error is as follows: 4th. "In that the Circuit Judge erred in refusing to grant a new trial, the error being that there was a total failure on the part of the plaintiff to offer any testimony tending to show any damage whatever to plaintiff." This exception is disposed of by what has already been said.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new trial.