### DuBOSE v. WESTERN UNION TEL. CO.

1. Telegraph Co.—Damages—Mental Anguish—Nonsuit.—Sending a messenger to hurry the preparations for a funeral because of the condition of the body, the burial actually taking place about the time indicated in the message; absence of friends and relatives of the deceased and family from the funeral, there being nothing in the message or from information brought to the company's notice to indicate that they were to be informed, are not elements of damages for failure to deliver promptly the message: "My wife is dead. Burial five o'clock Sunday, Cypress church. Phone Walter to prepare grave."

2. Rehearing refused.

Before Dantzler, J., Florence, December, 1904. Reversed.

Action by W. B. DuBose against Western Union Telegraph Co. From judgment for plaintiff, defendant appeals.

*Messrs. Geo. H. Ferrons* and *Willcox & Willcox,* for appellant. The latter cite: *As to foundation of mental anguish:* 69 S. C., 531; 39 Fed. R., 181; 70 S. C., 418, 522; 71 S. C., 29.

*Messrs. T. P. Kershaw, S. W. G. Shipp* and *Galletly & Ragsdale,* contra, cite: *Delay in delivering telegram raises presumption of negligence:* 69 S. C., 531, 545; 70 S. C., 83, 116, 123, 423; 65 S. C., 93. *Upon allegations of wilfulness punitive damages may be recovered without proof of actual damage:* 57 S. C., 325. *This action can be maintained without regard to the mental anguish statute:* Watson

Per. Jry., sec. 399; 57 S. C., 325; 62 S. C., 223; 65 S. C., 439.

The opinion in this case was filed 29 November, 1905, but remittituur held up on petition for rehearing until

January 31, 1906.  The opinion of the Court was delivered by

Mr. Justice Jones.  The plaintiff in this case sought to recover damages for negligent and wanton failure to promptly deliver the following telegram:

"August 20, 1904.

"To P. B. McLendon, Lamar, S. C.

"My wife dead.  Burial five o'clock Sunday, Cypress Church.  Phone Walter to prepare grave.  W. B. DuBose."

The message was delivered to defendant's operator at Timmonsville, S. C., at 7.20 P. M., Saturday, August 20, was transmitted to Sumter, S. C., relay office, at 7.35, but, notwithstanding repeated and frequent calls for Lamar by the Sumter office, it was not received at the Lamar office until Monday morning, the 22d of August, and was not delivered to the addressee until after the burial, which was had at Cypress Church, on Sunday, August 21, at probably about five o'clock P. M.  In the meantime, not knowing that the message had not been delivered, the plaintiff on Sunday morning, on account of the condition of the corpse and the hot weather, decided to have the burial at two o'clock P. M. instead of five P. M., and accordingly sent a messenger across country from Timmonsville to arrange for the funeral at said earlier hour.  This messenger arrived at the home of Walter DuBose, a brother of plaintiff, and referred to in the message as "Walter," at about one o'clock Sunday, and then for the first time Walter DuBose was informed of the death of plaintiff's wife, and immediately set about to prepare the grave.  The funeral party with the corpse arrived at Cypress Church at about three o'clock P. M., but

the grave was not then prepared. Finally, after some funeral services in the church and the grave being ready, the burial took place. There was some conflict in the testimony as to when the burial actually took place, whether between three and four o'clock or whether about five o'clock. Two witnesses for the plaintiff testified that the time was "about five o'clock," and one witness for the defendant testified that it was "nearly five o'clock;" some others thought it was earlier. Some thirty-five or forty persons were present at the funeral.

The elements of damages alleged in the complaint as the result of defendant's alleged negligent and wanton conduct were: (1) the expense of sending the messenger by private conveyance a distance of fifteen miles to Cypress Church; (2) mental anguish because of the inability, for want of time, to make suitable preparation for the reception and burial of his dead; (3) mental anguish because of the deprivation of the comfort and consolation of the presence of many of the friends and relatives of his deceased wife and himself at her said burial.

At the close of plaintiff's testimony, defendant moved for a nonsuit on practically two grounds: 1. That there was no evidence tending to show either negligence or wilfulness. 2. That there was no evidence tending to show that the injury or mental anguish alleged was the natural and proximate result of the negligence or misconduct alleged. This motion was refused and the trial resulted in a verdict for $500 in favor of plaintiff; whereupon defendants moved for a new trial, on grounds not stated in the record, and this motion was also refused. The exceptions are to the refusal of the nonsuit and the new trial, and raise practically the questions submitted in the motion for nonsuit, inasmuch as it is not error of law to refuse a new trial on the facts, if there be testimony tending to support the verdict.

1. With reference to the question whether there was any testimony of negligence or wilfulness. Proof of delay in delivering a telegram raises a presumption of negligence.

*Poulnot* v. *Tel. Co.,* 69 S. C., 545; *Hellams* v. *Tel. Co.,* 70 S. C., 83; *Ariail* v. *Tel. Co.,* 70 S. C., 423.

The delay in this case was about forty hours, and certainly such delay unexplained indicates great negligence. The motion was for nonsuit on the whole case. If there be any evidence tending to show negligence and none tending to show wantonness, the defendant is not entitled to nonsuit on the whole cause of action. *Poulnot* v. *Tel. Co.,* 69 S. C., 545; *Machen* v. *Tel. Co.,* 72 S. C., 260. But it is not sufficient for the plaintiff to show negligence on the part of the defendant; it is also necessary to offer evidence tending to show that the injury alleged was the natural and proximate result of the negligence alleged. *Ariail* v. *Tel. Co.,* 70 S. C., 418; *Smith* v. *Telegraph Co.,* 72 S. C., 116. In *Arial* v. *Tel. Co., supra,* the Court said, at page 422: "The statute was not intended to make the company liable in all cases for mental anguish and suffering where there was negligence in receiving, transmitting or delivering messages. In order to render the company liable in damages for mental anguish, the suffering must have been the direct, natural and proximate result of its negligence in receiving, transmitting or delivering the message. The message must show upon its face or the company must have knowledge of such facts as will enable it to foresee that the failure to perform its duty may reasonably be expected to result in mental suffering. The company is not liable in damages for mental anguish, when it was merely *incidental* to the failure to perform its duty, as in such cases the suffering could not be reasonably anticipated and was not a result which it could be said the parties had in contemplation in entering into the contract."

It cannot be said that the element of expense in sending the messenger referred to was the result of defendant's negligence, as it was admitted by plaintiff that he incurred no expense in that regard, and it further was undisputed that the messenger was sent not in consequence of the delay in delivering the message but because of the determination to

hurry the burial because of the condition of the corpse.    It can not be said that the delay in delivering the message caused delay in the preparation of the grave inasmuch as the grave was ready by five o'clock, the time of the burial as indicated by the message.    The defendant company had no notice, and no means of anticipating, that the parties would seek to have the burial at an earlier hour than five o'clock.

With reference to the absence from the funeral of some of plaintiff's relatives and friends, it can not be said that the defendant company, either on the face of the message, or from any information brought to its notice at the time of the contract, had notice indicating that it was within the contemplation of the parties that the relatives and friends should have information of the time and place of burial so as to be present.    It appears that some of plaintiff's relatives and friends were present and we may well imagine that others would have been present, if timely notice had been received by them, but there was no evidence that others could or would have been present, if notice had been received by them.    It may be doubtful whether the Court should, even under the broad terms of the mental anguish statute, undertake to award damages for mental anguish resulting from the absence of one or more relatives and friends from a funeral, but certainly there should be evidence that the telegraph company had reason to anticipate that mental anguish would result from such cause.    We think that there was no such evidence in this case, and, therefore, that the nonsuit should have been granted.

The judgment of the Circuit Court is reversed, and the case remanded for a new trial.

January 31, 1906.    Per Curiam : After careful consideration of the petition for a rehearing, the Court is satisfied that no material question either of law or fact has been disregarded or overlooked.    Hence there is no ground for a rehearing.

It is, therefore, ordered, that the petition be dismissed, and that the order heretofore granted staying the remittitur be revoked.