JOHNSON v. WESTERN UNION TEL. CO.

TELEGRAPH COMPANIES—FACTS DO NOT SUPPORT ACTION.—That a message
    was delivered in Atlanta to be transmitted to Greenwood; that car-
    rier's agent promised to inform sender if message was not delivered
    in two hours, which was not done, will not support judgment by mag-
    istrate for damages for mental anguish and expense and incon-
    venience of a trip to Atlanta by addressee, there being no evidence
    that sender could have communicated with addressee in time to pre-
    vent her departure, if he had been notified of non-delivery, and no

notice on face of telegram or in evidence to company that the journey and its consequences were to be apprehended from a failure to deliver promptly.

Before MEMMINGER, J., Greenwood, October Term, 1905. Reversed.

Action by Frances Johnson against Western Union Telegraph Co. From judgment on Circuit affirming judgment in magistrate court for plaintiff, defendant appeals.

*Messrs. Geo. H. Fearons, Elias G. Graydon* and *John Gary Evans,* for appellant.

*Mr. T. C. Turner, Jr.,* contra.

August 13, 1906. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff recovered a judgment of $100 in a magistrate's court for expenses alleged to have been incurred and mental anguish alleged to have been suffered on account of a trip from Greenwood to Atlanta, which would not have been taken had she been informed of the death of her son by the prompt transmission of a telegram which the defendant had undertaken to deliver. On appeal, the Circuit Court affirmed the judgment, and the question before this Court is whether there is any evidence to support the judgment.

Ed. Williams, on behalf of the plaintiff, testified: "I live in Greenwood, but work in Atlanta. I sent a telegram on Monday evening to Greenwood. I told the agent in Atlanta to telegraph to Frances Johnson that her son was dead and that we would send him home Tuesday on first train. I went to the office at 6.30, telling agent to send telegram, and he said "Frances Johnson should have the telegram in two hours time if she could be found." The telegram which defendant undertook to transmit was in these words·

"5-8, 1905.

"To Frances Johnson, Greenwood, S. C.:

Your son Arthur dead. Will be there tomorrow evening
first train.                              Ed. Freeman.

GH AM BN 7.05 A.M."

The telegraph office hours at Greenwood were from 8
o'clock A. M. to 8 o'clock P. M.—by Atlanta time 7 o'clock
A. M. to 7 o'clock P. M.—and so the defendant had only
thirty minutes at most to transmit the message to the Green-
wood office before its closing hour. The addressee was in
Greenwood, and could have been easily reached at any time
before 12 o'clock that night. The defendant's receiving
clerk in Atlanta denied any special contract to deliver the
message within two hours, testifying, on the contrary, that
the message did not come into the office until 6.59, one
minute before the Greenwood closing hour, and that he
expressly notified the sender it could not be delivered until
next morning.

The witness Randal Johnson testified on this point: "I
live in Atlanta. I was in the office when Ed. Freeman sent
the telegram. He asked what was the matter. I wanted
to stop my mother. He wrote the telegram and said he
would let us know in two hours if she got it. He did not let
us know that she had not received the telegram." The
magistrate did not find there had been a special contract to
deliver the telegram on the night it was received, and a breach
of that contract, as Ed. Williams testified, but, on the con-
trary, accepting the version of the witness Johnson that the
clerk promised to notify sender in two hours if the addressee
received it, he found: "The evidence does show that defend-
ant's agent at Atlanta was guilty of gross negligence, in
that the telegram was sent to Greenville, S. C., delayed there
and sent back to Atlanta, Ga., was sent to Greenwood next
day at 8 o'clock A. M. That agent in Atlanta took the
money for sending the telegram on the 8th, but did not send
telegram until the 9th. That agent in Atlanta took sender

of telegram's address, and said that he would let him know if the telegram could not be sent that evening. Did he let him know? Agent said he made no effort to let him know. The evidence did not show the message was delivered for transmission after time fixed for closing the office at Greenwood. The evidence shows negligence on the part of the defendant in two particulars, to wit: sending telegram to Greenville, S. C., and not notifying sender of telegram as he promised to do in the event it could not be sent." The Circuit Judge expressly affirmed these findings of fact and rested his judgment of affirmance on them.

According to the record, there was no evidence whatever of the sending of the message to or through the Greenville office, and hence the finding of fact that there was delay due to negligence in this respect is entirely without support. The magistrate very properly did not find a presumption of negligence from the mere failure to get a telegram from the Atlanta office to Greenwood in the short interval between its receipt in the Atlanta office and the closing of the Greenwood office, which, according to the plaintiff's witnesses, was thirty minutes, and, according to the receiving clerk and the memorandum on the message, was one minute. There was evidence to support the other finding of fact upon which the judgment was rested by the magistrate and the Circuit Judge, namely, a promise by the defendant's agent to notify the sender if the message should not be delivered within two hours and failure to perform the promise. But did this failure of the defendant to give the notice to the sender on the same night cause or contribute in any way to the expense or mental anguish of the plaintiff? She had heard from some other source of the serious illness of her son, and supposing him to be alive, with the purpose of being with him in his illness, took the train which left Greenwood for Atlanta at 12 o'clock P. M. on the night of May the 8th, and incurred the expense of the journey to Atlanta and back, and suffered the mortification of having to beg money for her return trip and the pain of arriving at Greenwood with

the body of her son without preparation for its proper care; whereas, if she had received the message informing her of her son's death before leaving Greenwood, she would not have gone to Atlanta, but would have been at home to arrange for the proper reception of the body. The failure to notify the sender on May the 8th of the non-delivery that night, not only did not bring about any of these things, but it was not shown to have the slightest causal connection with them, for there was no evidence that the sender could have used any other means of communication that night in time to prevent the plaintiff from undertaking the journey to Atlanta, or that he could or would have taken any steps to influence her conduct in this regard. Therefore, the act of negligence attributed to the defendant by the magistrate and the Circuit Judge affords no foundation for the judgment.

But, besides this, there is nothing on the face of the telegram or in the evidence giving notice to the defendant that the journey to Atlanta and its unpleasant incidents were to be apprehended from a failure to deliver the telegram promptly. On the contrary, the sole object of the message disclosed to the telegraph company, according to the undisputed evidence of the clerk who wrote it, "was to have the grave dug and some one to meet the body." *Arial* v. *Tel. Co.,* 70 S. C., 418, 50 S. E., 6; *Hays* v. *Tel. Co.,* 70 S. C., 16, 48 S. E., 688; *Smith* v. *Tel. Co.,* 72 S. C., 116.

It is the judgment of this Court, that the judgment be reversed.