6600

## KIRBY v. WESTERN UNION TELEGRAPH CO.

1. TELEGRAPH COMPANIES—DAMAGES.—From a message "Your mother is dead; come tonight," carrier could not have inferred failure to deliver promptly would cause addressee to miss a comfortable conveyance sent for her.

2. OPINION EVIDENCE.—A witness not a physician or an expert should not give an opinion of a person's physical condition.

3. TELEGRAPH COMPANIES—SPECIAL DAMAGES.—Being compelled to stay in a cold waiting room at night because of failure to deliver a telegram promptly and because addressee had no money to pay hotel bill is special damages and cannot be recovered unless carrier had notice.

4. WORDS AND PHRASES.—In the requests and charges here "delivery" used in sense of "transmit and deliver."

5. TELEGRAPH COMPANIES—EVIDENCE—OPINION.—Whether a messenger boy may testify as to what would be a reasonably quick delivery of a telegram is within discretion of trial Judge. Here he stated the facts.

6. IBID.—DAMAGES—NEGLIGENCE.—Addressee of telegram makes out case for damages by proving long delay in delivery and damages suffered by reason thereof.

7. ATTORNEYS—ARGUMENT.—NEW TRIAL granted because attorneys for respondent used in argument before jury language not supported by the record, which was highly prejudicial to appellant.

MR. JUSTICE JONES *dissents.*

Before MEMMINGER, J., Union, January Term, 1906. Reversed.

Action by Mamie G. Kirby and Wm. F. Kirby against Western Union Tel. Co. From judgment for plaintiff, defendant appeals.

*Messrs. Geo. H. Fearons, Evans & Finley,* and *J. Ashby Sawyer,* for appellant. *Mr. Evans* cites: *When all facts are out there is no room for presumption:* 29 S. C., 202; 65 S. C., 185; 16 S. C., 153; 75 S. C., 522. *Remarks of counsel not supported by the evidence is reversible error:* 106 N. W., 690; 99 N. Y., 836; 50 S. C., 248; 187 N. Y., 128.

*Messrs. S. Means Beatty* and *DePass & DePass,* contra. No citations.

July 23, 1907. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. Plaintiffs, Mamie G. Kirby and her husband William F. Kirby, brought this action against the defendant telegraph company to recover actual damages alleged to have resulted from the negligent delay in delivering the following telegram sent to the plaintiff, Mamie G. Kirby, by her father, J. E. Kinsey: "Your mother is dead; come tonight." The message, according to the testimony, was received by the agent at Branchville, the home of J. E. Kinsey, between seven and eight o'clock on the morning of the third of March, 1904, and was delivered to the plaintiff at Union about two o'clock P. M. of the same

day. Plaintiff alleges that by reason of the delay it was impossible for her to reach Branchville that day, the noon train, the only day train south, having already gone; that she was compelled to leave Union at nine o'clock that night and arrived at Columbia at eleven o'clock, where she was forced to remain in the depot all night suffering much from the severe cold; that upon reaching Branchville and learning that it was about time for the funeral, being unable to obtain other conveyance, she was forced to take passage with a mail carrier, who proved very obnoxious to her; that she arrived too late for the interment; that she suffered much mental anguish by reason thereof, and as a result of her stay in the depot and her ride through the country in the uncomfortable vehicle of the carrier she took cold and became sick and was put to much inconvenience and expense. Defendant denied that it was negligent and sought to show that even if it was, its negligence was not the proximate cause of plaintiff's damage. The case was heard at the November, 1906, term of the Court for Union County, and resulted in a verdict of five hundred dollars for the plaintiff. Judge Memminger, the presiding Judge, having overruled a motion for a new trial, the defendant appeals.

The first exception alleges error: 1st: In admitting the testimony of the witness, J. E. Kinsey, that he sent a comfortable buggy by one of his sons-in-law to meet plaintiff at Branchville about six o'clock in the afternoon, expecting her to be there at that time in response to the telegram; 2d. In allowing said witness to state the physical condition of the plaintiff at the time she reached his house from the cemetery. We think this exception should be sustained. There are a number of cases recently filed by this Court holding that the plaintiff can recover only for damages such as the defendant had notice of, or as a reasonable person should have known would result from delay in delivery. *Doster* v. *Tel. Co.*, *ante*, 56; *Dubose* v. *Tel. Co.*, 73 S. C., 220, 53 S. E., 175; *Arial* v. *Tel. Co.*, 70 S. C., 418, 50 S. E., 6. The telegram here under consider-

ation on its face contained nothing that could put defendant on notice that if it was not delivered promptly, plaintiff would be deprived of the convenience of a comfortable buggy in which to make the trip to her father's. Such a result was not in the contemplation of the parties, and therefore defendant cannot be held responsible. Evidence tending to show damage resulting therefrom was hence incompetent.

As to the second ground of the exception, it was not shown that the witness was in a position to testify as to the physical condition of the plaintiff. It does not appear that he was a physician or an expert in such matters. His opinion was therefore not admissible. He could have stated the facts from which the jury might have inferred plaintiff's condition. 17 Cyc., 25.

The second exception alleges error in allowing plaintiff to testify that she stayed in the waiting room because she did not have money to pay hotel expenses and was a stranger in Columbia. Damages resulting from these causes could not be other than special damages, and for them it is well settled the defendant cannot be held responsible unless notice is given. *Jones* v. *Tel. Co.*, 75 S. C., 208.

The Circuit Judge instructed the jury that by delivery here was meant transmission and delivery. The defendant contends that delivery does not include transmission. We think the Circuit Judge was correct. To deliver means to hand over. To transmit is to communicate, to send from one person to another. The terms imply to some extent the same idea, the distinction being that the latter implies separation of the actors. There is nothing to lead to the conclusion that while a message is passing over the wire it is being transmitted, and while in the possession of the messenger boy, being carried to its destination, it is being delivered. We think the whole constitutes one transaction, the passing of the message between the sender and the person to whom it is sent.

The fourth exception alleges error on the part of the Circuit Court in refusing to permit the witness, J. R. Mathis, a messenger boy, to testify as to what would be a reasonably quick delivery in this case. The admission of such testimony is largely in the discretion of the trial Judge, and will not be ground for reversal except where it is clearly harmful to the appellant. 17 Cyc., 28; *Watts* v. *Ry.,* 60 S. C., 70, 38 S. E., 240; *Tinsley* v. *Tel. Co.,* 72 S. C., 352, 51 S. E., 913. That the exclusion here could not have been harmful is very evident. The witness was allowed to state the facts, and from these the jury could form their own opinion.

The Circuit Judge charged the jury that unreasonable delay created the presumption of negligence; that the defendant was called upon to relieve itself of the presumption and if it failed then they must inquire whether Mrs. Kirby had shown that she suffered by reason of that negligence. Defendant contends that this relieved the plaintiff from proving her case by the preponderance of the evidence. It is well settled in this State that long unexplained delay gives rise to the presumption of negligence. *Poulnot* v. *Tel. Co.,* 69 S. C., 545, 48 S. E., 622; *Hellams* v. *Tel. Co.,* 70 S. C., 83, 49 S. E., 12; *Arial* v. *Tel. Co.,* 70 S. C., 423, 50 S. E., 6. Therefore, if such delay is shown and it is not explained, clearly the preponderance of the evidence is that the company was negligent. If the plaintiff then go further and show that she suffered by reason of that negligence, then certainly her case is made out. This contention cannot be sustained.

The eighth exception alleges error on the part of the Circuit Court in permitting the plaintiff's counsel to use the following language in his argument to the jury: "If a telegram were to be sent to Mr. Duncan, Mr. Nicholson or Mr. Farr, that the telegram would go to them with arms open, and the company would fall over itself to deliver the message to any prominent man in Union." And, also, "That the newspapers of the State

were constantly publishing, from New York to St. Augustine, articles about South Carolina juries not doing their duty when trying criminal cases, and that Mr. Sease, the solicitor, had remarked about it last week." In the case of *State* v. *Robertson,* 26 S. C., 118, 1 S. E., 443, it is said: "That it is most certainly proper, and especially in criminal cases, that counsel, in addressing a jury, should keep themselves strictly within the record." In 2 Ency. of P. & P., 752, it is said: "Very many abuses in argument may be sufficiently counteracted by instructions of the Court to the jury, and a large discretion as to the refusing of new trials because of such violations of propriety is accorded to the trial Courts. The Appellate Court will frequently condemn the language or conduct of counsel and at the same time affirm a judgment denying a new trial, on the ground that under all of the circumstances the rights of the defeated party were not materially prejudiced ,or that the action of the trial Court in the premises was effectual to restore to the proceedings the fairness of which they had been divested." Let us then inquire whether the rights of the defendant here might have been materially prejudiced. It will be borne in mind that this was not a cause for punitive damages, only actual damages were sought. Another fact which must not be overlooked is that there seems to be a tendency at the present day to hold corporations to strict accountability for their acts. Any language which tends to fan this natural feeling into greater fury, "flights of oratory" though it be, certainly has its weight and should be avoided. Courts are for the purpose of dispensing justice and were this kind of advantage allowed in many cases that purpose might be defeated. Where the record does not sustain the remarks made, if it is evident that harm does result from them, it seems that this Court should exercise its power and grant a new trial. We think the language here used was highly prejudicial to the defendant, and therefore sustain the exception.

The last exception raises the point that a new trial should have been granted because there was no evidence to show that the delay in the delivery of the telegram caused Mrs. Kirby any damage whatever. It being already decided that a new trial should be granted, we do not consider it necessary to pass upon this question.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.

Mr. Justice Gary *concurs in the result.*

Mr. Justice Jones *concurs in the result and thinks the 8th exception should be overruled, citing State* v. *Williams, 65 S. C., 249.*