7697

## BAKER v. WESTERN UNION TEL. CO.

PRESUMPTION—NEGLIGENCE—NONSUIT—VERDICT.—The general rule is that when any fact raises a presumption of negligence such fact stands as evidence of negligence throughout the trial, unless the evidence of defendant explains so clearly the fact on which the presumption rests and shows due care so plainly and indisputably that the original presumption would be completely destroyed, in which case the Judge should order a nonsuit or direct a verdict. *Held* here that the presumption of negligence was not so overcome as that at the end it did not stand as a *scintilla* of evidence.

MR. CHIEF JUSTICE JONES *dissents.*

Before GAGE J. Sumter July 1909.   Reversed.

Action by W. H. Baker against Western Union Telegraph Co.   From judgment for defendant, plaintiff appeals.

*Mr. L. D. Jennings* for appellant, cites: *Due care is for jury:* 59 S. C. 549.

*Messrs. Geo. H. Fearons, Willcox & Willcox. Mark Reynolds* and *Lucian W. McLemore. Messrs. Fearons, Willcox & Willcox* and *Lucian W. McLemore* cite: *When testimony all points one way verdict should be directed:* 71 S. C. 438; 73 S. C. 221; 69 S. C. 549.   *Explanation of non-delivery having been explained without contradiction verdict properly directed:* 70 S. C. 87, and 423; 75 S. C. 97; 77 S. C. 399, 404; 84 S. C. 59, 71; 76 S. C. 535; 84 S. C. 160; 74 S. W. 922, and 1098; 116 S. W. 894; 119 S. W. 1186; 43 S. C. 1033.

October 25, 1910.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   The following telegram announcing the death of the father of the plaintiff at the State Hos-

pital for the Insane was delivered to the defendant on November 28th, 1907, to be transmitted to the plaintiff:

"COLUMBIA, S. C.
To W. H. Baker, Sumter, S. C.   Your father dead.  Wrote last night.   Wire full instructions.

J. W. BABCOCK, Pres."

The message was promptly sent and was received at defendant's Sumter office at 4:38 o'clock in the afternoon of the same day, but it was not delivered to the plaintiff until he called for it on the morning of the next day, in response to a notice received by mail that the telegram was held for him.   The plaintiff went to Columbia on the first train after the receipt of the telegram, and brought the remains of his father to Sumter for interment.

The suit is for the recovery of damages for mental anguish alleged to have been suffered by plaintiff, the allegation being that but for the delay in the delivery of the message the "plaintiff could have been in Columbia a great many hours sooner and would have had the consolation of being with the dead body of his lamented father in order that he might have looked after the same for interment."   The charge of wilfulness and wantonness in failing to deliver the message promptly was withdrawn at the trial; and on the issue of negligence the Circuit Court directed the jury to find a verdict for the defendant, holding that the defendant had shown a high degree of care in its efforts to deliver the message.   The exceptions assign error in the ruling.

The evidence on behalf of the plaintiff was to the effect that he had been a resident of Sumter for eleven years, that on November 28th, he was at his place of business within fifty yards of defendant's office the entire afternoon except about two hours, that two of defendant's messenger boys had before delivered telegrams to him and that defendant's messengers had also delivered telegrams to him at his residence on Liberty street.

There can be no doubt that under the circumstances stated by the plaintiff the delay in delivery from 4:38 in the afternoon until 8 o'clock the next morning raised a presumption of negligence on the part of defendant. *Poulnot* v. *W. U. Tel. Co.* 69 S. C. 545, 48 S. E. 622; *Hellams* v. *W. U. Tel Co.* 70 S. C. 83, 49 S. E. 12; *Arial* v. *W. U. Tel. Co.* 70 S. C. 418, 50 S. E. 6; *Kirby* v. *W. U. Tel. Co.* 77 S. C. 404, 58 S. E. 10. The contention of the defendant is that it so clearly explained the delay and so completely proved due diligence by evidence introduced on its behalf that the presumption of negligence from the long delay was completely overthrown and the plaintiff's case left with no evidence to support it.

When any fact raises a presumption of negligence the general rule is that such fact itself stands as evidence of negligence throughout the trial to be weighed by the jury along with the rebutting evidence of the defendant, in deciding whether the preponderance on the issue of negligence is on the side of the plaintiff or the defendant; and it follows that when this general rule is applicable, the Court cannot adjudge that there is no evidence of negligence and on that ground grant a nonsuit or direct a verdict in favor of the defendant. *Joyner* v. *S. C. Ry. Co.* 26 S. C. 49, 1 S. E. 52; *Mack* v. *South Bound Ry. Co.* 52 S. C. 323, 29 S. E. 905, 40 L. R. A. 679; *Hutto* v. *S. A. L. Ry.,* 81 S. C. 567, 62 S. E. 835; *Griffith* v. *A. C. L. Ry.,* 82 S. C. 252; *Ritter* v. *A. C. L. Ry.,* 83 S. C. 213; *Sullivan* v. *Charleston & W. C. Ry.,* 85 S. C. 532. The general rule is not, however, always applicable, for the evidence offered by the defendant may explain so clearly the act on which the presumption of negligence rests, and show due care so plainly and indisputably that the presumption originally created would be completely destroyed. When no reasonable man could fail to come to the conclusion that the presumption had been so destroyed, and there is no other evidence of negligence, then it would not only be within the power of the Court, but its duty, to

order a nonsuit or direct a verdict for the defendant. Taking extreme illustrations, suppose after proof of long delay in delivery of a telegram or of entire failure to deliver it, the defendant should produce a written order from the plaintiff directing it to hold his telegrams until he called for them, or should have the evidence of credible and disinterested witnesses undisputed by the plaintiff that the plaintiff himself had given a wrong address: it could hardly be contended in such cases, that the original presumption of negligence arising from failure to deliver or from delay in delivery would remain a *scintilla* of evidence.

We are unable to agree with the Circuit Court, however, that the evidence offered by the defendant in this case leads to the conclusion that the presumption of negligence arising from delay was so overcome that it did not at the end stand as a *scintilla* of evidence. According to the testimony of the manager of defendant's Sumter office, he kept the office open all day on November 28th, although it was Thanksgiving day, and sent a messenger out twice in the effort to deliver the telegram promptly to the addressee, whom he did not know; and only mailed it when the messenger returned the second time and reported his failure to find the plaintiff, and when he had been unable to get a better address from the sender. The messenger testified that, the addressee being unknown to him, he made inquiries for him at all the hotels and boarding houses of the city, and of a number of persons on the street, but could get no information. He could not, however, remember the name of a single person of whom he was sure he made inquiry, nor could he say with certainty that he inquired of a policeman or of any other person who would be most likely to know the residents of the city. The testimony as to these inquiries was not corroborated by any other witness. Under these circumstances, the credibility of the messenger's testimony and the degree of diligence exercised by him as against the evidence of negligence furnished by the presumption from long delay seem clearly

12—87

matters for the jury.   It cannot be assumed that in a city like Sumter the only available or convenient method of ascertaining the residence or place of business of one of its residents was inquiry at hotels and boarding houses and of persons casually met along the street.   It is not proper for the Court to say whether the evidence of diligence in the effort to deliver the telegram promptly was strong or weak. From the conclusion that it was proper for the jury to weigh the evidence of diligence against the presumption of negligence from long delay, it results that the Circuit Court erred in directing a verdict for the defendant.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and the cause be remanded to that Court for a new trial.

Mr. Chief Justice Jones *dissents.*