## 8120

### CAMERON v. WESTERN UNION TEL. CO.

1. TELEGRAPH COMPANIES.—BEFORE PRESUMPTION OF NEGLIGENCE of carrier arises for nondelivery of a telegram transmitted to the initial office by phone, it must be shown the carrier received the message correctly, or it would have so received it but for the negligence of its agents.

2. IBID.—IF MENTAL ANGUISH result from nondelivery of a message, the carrier is liable for mental anguish damages, although the message does not show that mental anguish would probably result from nondelivery or the carrier had no notice of such condition outside the message.

Before ERNEST MOORE, Special Judge, Lancaster, October term, 1910. Reversed.

Action by W. W. Cameron against Western Union Telegraph Company. Plaintiff appeals.

*Mr. J. Harry Foster,* for appellant, cites: *Trial Judge ignores act of 1909:* 85. *As to presumption of negligence:* 87 S. C. 174; 77 S. C. 408; 69 S. C. 548; 69 S. C. 550; 43 L. R. A. 214; 70 S. C. 423; 70 S. C. 87; 73 S. C. 221; 87 S. C. 235, 240; 62 S. C. 140; 185 S. C. 303; 53 S. C. 344; 83 S. C. 215; 61 S. C. 354; 55

S. C. 391; 9 Rich. 84; 26 S. C. 50; 85 S. C. 535; 81 S. C. 572; 19 S. C. 39; 87 S. C. 321.

*Messrs. Geo. H. Fearons, John Gary Evans* and *Williams & Williams,* contra. *Messrs. Williams & Williams* cite: *Act of 1909 does not change existing law as to notice:* 70 S. C. 418; 71 S. C. 29; 40 S. C. 524. *Burden was on plaintiff to show delivery as alleged to initial office:* 37 Cyc. 1728.

March 4, 1912. The opinion of the Court was delivered by

MR. JUSTICE FRASER. This was an action for damages for mental anguish, alleged to have been suffered by the plaintiff, W. W. Cameron, on account of the alleged negligence of the defendant in its failure to transmit and deliver promptly a message to the plaintiff, which would have enabled him to be present in the last illness and death of his brother, James Cameron, and deprived him of the consolation of his family in time of bereavement. It was not clear as to the exact message; it was either "Come at once," or, "Come at once, your brother very ill."

The evidence tends to show that Walter Cameron, the brother of the plaintiff, gave the message to a friend, Capt. J. R. Dickert, and requested him to telegraph the same to the plaintiff at Lancaster, S. C. Captain Dickert called up the telegraph office over the telephone and undertook to communicate with the defendant company over the telephone. The message was taken down by the defendant's operator as a message to W. W. Clemmons, instead of W. W. Cameron. This seems to have been the cause of the failure to deliver promptly.

The questions now before this Court arise on exceptions to the Judge's charge. There are nine exceptions; but the appellant groups them under two heads and cannot com-

plain if this Court adopts his classification and considers 1 and 4 together, and exceptions 5 to 9 as one.

We will first consider the second group.

1. The appellant assigns "error in the Circuit Judge in charging the jury as follows: 'The burden is upon the plaintiff to show by the preponderance of the evidence that the misunderstanding or error arises from the negligence of the telegraph company or its agents, who received the message.' "

The appellant claims that proof of delay raises a presumption of negligence on the part of the telegraph company and cites *Hellams* v. *Telegraph Company*, 70 S. C. 87, 49 S. E. 12, and *DuBose* v. *Telegraph Company*, 73 S. C. 221, 53 S. E. 175, in support of the proposition. This, as an abstract proposition, is too well settled to be disputed.

Appellant also stated correctly, by way of analogy, the presumption of negligence in injury to passengers and injury to stock. The burden of proof, to which his Honor referred, was in reference to the receipt of the message.

When a plaintiff brings an action for damages for an injury to himself while a passenger, the burden of proof is on the plaintiff to show, or, in other words, the plaintiff must make out by the preponderance of the evidence (they mean the same thing) the relationship of carrier and passenger and also the injury resulting from some agency or instrumentality of the carrier. When the plaintiff has done this, the burden of proof is shifted to the defendant and the defendant must show that it was not negligent. The plaintiff must show that the telegraph company received the message or, but for the negligence of its agent, it ought to have received the message before the presumption of negligence arises from nondelivery. There is no presumption that men, standing face to face, understood each other, and the law, in order to prevent misunderstanding or errors, requires some contracts to be in writing.

There is certainly no presumption that people speaking over the 'phone understand each other.

The plaintiff must prove by the preponderance of the evidence that correct information was received by the defendant, or was not received by it through its negligence. We see no error in this portion of the charge, and these exceptions are overruled.

2. The first group of exceptions are consolidated by the appellant, as follows:

"It was error for the Court to have charged the jury, as follows: 'If, also, the message was merely "Come at once," then there would be no notice from the wording of the message, that such a telegram related to sickness or death, and in such case there could be no recovery for any damages, by reason of mental anguish resulting from the nondelivery of such a message, unless at the time the defendant had notice of the fact outside of the message that it was a sickness or death message, and, therefore, failed to use due diligence to transmit and deliver the same promptly.'"

This exception ought to be sustained. The language of the statute is: "All telegraph companies, doing business in this State, shall be liable in damages for mental anguish or suffering * * * for negligence in receiving, transmitting or delivering messages without regard to relationship by blood or marriage, or whether such message afforded notice of such relationship or otherwise, or that injury or damage would result if such anguish or suffering resulted as a matter of fact."

It is hard to see how the defendant would not be liable for mental anguish which resulted from the negligence in delivering this telegram (if there was negligence) whether such message afforded notice that injury or damage would result, if such injury resulted as a matter of fact. This may look to some like a hardship; but it is not the province of this Court to condemn or defend. The power to amend does

not belong to this department of government. We have no dispensing power.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and the cause remanded for a new trial.