8360

STEWART v. WESTERN UNION TEL. CO.

CONSTITUTIONAL LAW—TELEGRAPH COMPANIES.—THE ACT, 26 STAT. 81, amending the mental anguish statute is not violative of the equal protection clause of the Constitution, in that it provides that any person suffering mental anguish from the nondelivery of a telegram relating to sickness or death may recover therefor without notice of his relation to the message or of the peculiar circumstances out of which mental suffering might be expected to arise.

Before WATTS, J., York, November term, 1911. Reversed.

Action by Walter Stewart and Texanna Stewart against Western Union Telegraph Company. Plaintiffs appeal.

*Messrs. Dunlap & Dunlap,* for appellants, cite: 63 S. C. 521; 67 S. C. 481; 8 Cyc. 1052; 68 S. C. 356; 113 U. S. 713, 27; 59 S. C. 415; 74 S. C. 209; 69 S. C. 322; 73 S. C. 81.

*Messrs. Geo. H. Fearons, Nelson, Nelson & Gettys* and *John Gary Evans,* contra. *Messrs. Nelson, Nelson & Gettys* cite: 77 S. C. 378; 72 S. C. 290; 74 S. C. 491; Endlich, sec. 24; Sutherland on Stat. Con., sec. 261; 26 Ency. 657; 100 Ala. 32; 34 Ark. 224; 59 N. E. 489; 63 S. W. 785; 77 Am. St. R. 652; 49 Am. R. 652; 86 N. E. 522; 37 Tex. 389; 23 Mon. 241; 21 Pac. 485; 51 N. W. 260; 67 Vt. 314; 165 U. S. 159; 21 L. R. A. 789; 19 S. W. 910; 6 L. R. A. 359; 44 Pac. 149; 41 S. E. 240; 74 Pac. 640; 15 L. R. A. (N. S.) 906; 65 Ala. 193; 63 S. C. 425; 71 S. C. 29.

*Mr. John Gary Evans* cites: 72 S. C. 293; 74 S. C. 491; 207 U. S. 73; 73 S. C. 75; 177 U. S. 584; 194 U. S. 269; 63 S. C. 169, 322; 68 S. C. 357; 63 S. C. 425; 57 Fed. 475; 72 S. C. 293; 74 S. C. 491; 69 S. C. 527.

November 1, 1912. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. On February 1, 1911, J. L. Stowe sent a telegram from Grover, N. C., to Walter Stewart, at Rock Hill, S. C., which read as follows: "Your mother is dying. Come at once. Phone Plato." The "mother" mentioned was the mother of the plaintiff, Mrs. Texanna Stewart, wife of Walter Stewart, who sued for damages caused by negligent delay in delivering the message.

There was no evidence that defendant had actual notice that Mrs. Stewart had any interest in the telegram, or that she would suffer damage by the failure to deliver it. Under the authority of *Poteet* v. *Tel. Co.,* 74 S. C. 491, 55 S. E. 113, and cases therein cited, she could not have maintained the action, without allegation and proof of such notice to the company. She relies, however, upon the amendment to the mental anguish statute, made since the decision in those cases. As amended by the act of 1909 (26 Stat. 81), and the act of 1911 (27 Stat. 226), the mental anguish statute now appears in section 3006 of the code of laws of 1912 as follows: "All telegraph companies doing business in this State shall be liable in damages for mental anguish or suffering even in the absence of bodily injury, for negligence in receiving, transmitting or delivering messages, without regard to relationship by blood or marriage, or whether such messages afforded notice of such relationship or otherwise, or that injury or damage would result if such anguish or suffering resulted as a matter of fact. Nothing contained in this section shall abridge the rights or remedies now provided by law against telegraph companies, and the rights and remedies provided for by this section shall be in addition to those now existing. In all actions under this section the jury may award such damages as they conclude resulted from negligence, wantonness, wilfulness, or reck-

lessness, of said telegraph companies: *Provided,* That when a telegram shows on its face that it relates to sickness or death, the real party for whose benefit the telegram was sent, and who suffered mental anguish by reason of the negligence or wilfulness of the telegraph company, may recover damages as hereinbefore provided, without being required to allege or prove that the telegraph company had notice or knowledge at the time the message was sent of his or her relation to it, or of the extent or scope of his or her damage: *Provided,* That nothing contained in this section shall affect cases now pending in the Courts."

The amendment of 1911 was a mere verbal correction, and has no bearing on the issue in this case.

The Circuit Court directed a verdict for defendant on the ground that the statute, as amended by the act of 1909, is unconstitutional, because it denies to telegraph companies the equal protection of the laws, in that, by its terms, special damages may be recovered against them without allegation and proof of notice to them, at the time of making the contract whose breach caused such damages, of the peculiar circumstances from which they might be expected to arise, while the allegation and proof of such notice is required in all other actions to recover such damages.

The soundness of that ruling is the only question necessary to the decision of this case. Counsel have argued other questions at some length, but the record shows that the question above stated is the only one that was presented to and decided by the Circuit Court, and, therefore, the only one which we may consider.

So much has been said with regard to the power of the legislature to classify persons and corporations in the enactment of laws governing their relations to and dealings with the public that we shall not attempt to add anything on that subject, but shall content ourselves with reference to a few of the many decisions which are of controlling authority. It is settled that telegraph companies are peculiarly the sub-

ject of a distinct classification in such legislation. *Simmons* v. *Tel. Co.,* 63 S. C. 425, 41 S. E. 521, 57 L. R. A. 607.

It is the duty of telegraph companies to exercise reasonable care and diligence to the end that all messages received by them shall be transmitted and delivered promptly; and it is within the power of the States to enforce performance of this duty by reasonable and appropriate legislation. *Western Union Tel. Co.* v. *James,* 162 U. S. 650, 40 L. ed. 1105; *Same* v. *Crovo,* 220 U. S. 364, 55 L. ed. 498.

Mr. Justice Van Devanter, in delivering the opinion of the Court, in *Lindsley* v. *Natural Carbonic Gas Co.,* 220 U. S. 61, 55 L. ed. 369, states the rules by which classification for the purpose of legislation must be tested, as follows : "1. The equal protection clause of the 14th amendment does not take from the State the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis, and therefore is purely arbitrary. 2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety, or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary."

Tested by these rules, the statute under consideration is not unconstitutional. The classification bears a just and reasonable relation to the object sought to be attained. When it appears on the face of a telegram that it relates to sickness or death, it is certainly not unreasonable to say that the telegraph company receiving it for transmission and delivery must take notice of the fact that special circumstances exist, to wit, sickness or death, from which the per-

son for whose benefit the message was sent will probably be subjected to mental suffering, if it is not promptly transmitted and delivered, for no other reasonable inference can be drawn from reading such a message. It is contended, however, that the company is entitled to notice not only of the special circumstances out of which the damages for delay may arise, but also of the relation to the message of the person for whose benefit it was sent. Why so? The duty of the company is to serve all alike, and it is notified by the face of the message that somebody—the person for whose benefit it was sent—will probably be damaged by delay in sending or delivering it, and that there is special urgency for its prompt delivery. What possible difference could it make to the company whether the person who may sustain the damage is the person to whom the message is addressed or some other? The answer given in the argument of counsel is that if the person for whose benefit it is sent is not made known, the company may be called upon to pay damages to any member, or even to all the members of a family for delay in the delivery of a single message. We are not called upon to decide a speculative question which may never arise. In this case, only one person is suing, and she claims to fill the statutory requirement of being "the real party for whose benefit the telegram was sent, and who suffered mental anguish by reason of the negligence * * * of the telegraph company." Under the statute, that party is required to allege and prove that the telegram was sent for her benefit and that she suffered mental anguish by the negligence or wilfulness of the company.

The gravamen of respondent's complaint against the act seems to be that it denies to telegraph companies alone the benefit of the general rule, of which all other litigants are. allowed the advantage, that a plaintiff cannot recover special damages, without alleging and proving that the defendant had notice, at the time of making the contract, of the circumstances out of which such damages might arise, in the event

of its breach. The statute does not abolish the rule altogether, in its application to telegraph companies, but only with respect to that class of messages which carry on their face what the legislature deems to be sufficient notice to the company, when the contract is made, that special circumstances exist, to wit, sickness or death, out of which special damages may arise, if the contract is broken. Relieving the plaintiff of the necessity of alleging and proving what is clearly inferable from the face of the message itself, and what the company may, therefore, be presumed to know, can work no hardship on the company.

In making telegraph companies liable for damages for mental anguish, in the absence of bodily injury, the legislature discriminated against them quite as much, if not more, than it did in the act we are now considering; for the general rule (subject to a few exceptions) is that, in actions for damages for tort, mental suffering is not an element of damages, in the absence of bodily injury. *Lewis* v. *Tel. Co.,* 57 S. C. 325, 35 S. E. 556.

Statutes making railroad corporations liable for damage caused by fires communicated by their locomotives, or originating within their rights of way, are not obnoxious to the equality clause of the Constitution, notwithstanding other corporations and persons are liable for damages caused by fire set out by them only upon allegation and proof of negligence. *McCandless* v. *R. Co.,* 38 S. C. 103; *St. Louis etc. Ry. Co.* v. *Matthews,* 165 U. S. 1, 41 L. ed. 611; *Atchison etc. R. Co.* v. *Matthews,* 174 U. S. 96, 43 L. ed. 909.

In *Mobile etc. R. Co.* v. *Turnipseed,* 219 U. S. 35, 55 L. ed. 78, the abrogation of the fellow servant rule as to railroad employees alone by the Constitution and statutes of Mississippi was sustained; and in the same case, the Court sustained a rule of evidence, enacted by the legislature of that State, which is applicable only in actions against railroad corporations for damages to persons or property, to

wit: that proof of injury inflicted by the running of the engines or cars should be *prima facie* evidence of negligence.

In *Missouri etc. Ry. Co.* v. *May,* 194 U. S. 267, 48 L. ed. 971, the Court sustained a statute of Texas, imposing upon railroad companies alone a penalty, therein given to contiguous landowners, for allowing Johnson grass or Russian thistle to mature and go to seed on their rights of way.

The foregoing cases cannot be distinguished in principle from the case at bar, and they show that the Circuit Court erred in holding the act of 1909 unconstitutional.

Reversed.

Mr. Justice Watts, *disqualified.*