8368

GRAHAM v. WESTERN UNION TELEGRAPH CO.

1. TELEGRAPH COMPANIES—DAMAGES—MENTAL ANGUISH.—A telegram, "John, come at once. Jennie is very bad. Mother," with the sender's name and address written on the corner, shows the message was sent for the benefit of the mother and was sufficient notice to the carrier of damages to the mother in case of failure to deliver, but under the act of 1909, 26 Stat. 84, she could recover without notice.

2. IBID.—IBID.—IBID.—In an action for failure to deliver such message the mother could testify to suffering and inconvenience resulting to her from the absence of her son and recover therefor.

3. IBID.—MENTAL ANGUISH.—The terms, "recklessness or death," in said act construed to mean "sickness or death."

4. IBID.—CHARGE.—Considering the wording of the message and the inferences that might have been drawn therefrom, the Court would have charged on the facts to have instructed the jury that it did not relate to sickness.

Before ALDRICH, J., Cherokee.    Affirmed.

Action by Dorcas Graham against Western Union Telegraph Company.    Defendant appeals.

*Messrs. George H. Fearons, John Gary Evans* and *J C. Jeffries,* for appellant.

*Messrs. Otts* and *Dobson,* contra, cite: *The relationship shown on face of message was sufficient:* 77 S. C. 148; 27 Am. St. R. 914; 14 L. R. A. 500; 90 S. W. 714; 45 L. R. A. 160; 132 N. C. 317; 14 L. R. A. 499; 70 S. C. 422; 74 S. C. 491; 72 S. C. 290; 81 S. C. 237; 77 S. C. 148; 81 S. C. 238.    *Evidence shows plaintiff's suffering was caused by son's failure to be at her side:* 83 S. C. 75.    *This suit can be maintained under the statute before amended:* 63 S. C. 425; 76 S. C. 21; 36 S. C. 360; Cool. Con. Lim. 215, 216, 217.    *The amended act is not unconstitutional as to its classification:* 73 S. C. 82; 90 S. C. 506; 54 L. Ed. R. 1088; 165 U. S. 150; 113 U. S. 703; 128 U. S. 578.

November 18, 1912.    The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.    This is an appeal from a judgment for $500.00 damages, awarded plaintiff for mental anguish, resulting from the failure of defendant to promptly deliver a telegram sent by her from Greers, S. C., to her son, John Graham, at Gaffney, S. C., on August 3, 1909, which read: "John, come at once. Jennie is very bad." (Signed) "Mother."    On the lower left-hand corner of the

telegram, plaintiff's name and address were written, as follows: "Mrs. D. H. Graham, Greer, S. C."

Plaintiff alleged and introduced evidence to prove that the message was sent for her benefit; that nothing was heard from it, until late in the evening of August 5, when she received a service message stating that it had not been delivered, because her son had gone to Spartanburg, S. C.; that her son had not gone to Spartanburg, but was in Gaffney, and would have come to her assistance at once, upon receipt of the telegram. The fifth and sixth paragraphs of the complaint allege, in substance, that during all these hours, plaintiff's daughter was at the point of death, and plaintiff suffered mental anguish for want of the assistance and comfort which the presence of her son would have afforded her, and that her suffering was greatly increased when she was informed that her son had gone to Spartanburg, because she did not know where to reach him by telegram or letter.

Defendant moved to strike out the allegations of the fifth and sixth paragraphs of the complaint, on the ground that the telegram showed on its face that it was sent for the benefit of plaintiff's daughter Jennie, and there was no notice to defendant that the presence of her son was desired for the benefit of plaintiff. The motion was properly refused. Even under the law as it stood prior to the act of 1909 (26 Stat. 84), the message itself afforded sufficient notice to defendant of the damages which plaintiff would suffer by reason of its failure to deliver it. *Lyles* v. *Tel. Co.,* 77 S. C. 174.

But, under the act above referred to, plaintiff had the right to recover for such damages without giving notice thereof. *Stewart* v. *Tel. Co., infra,* 119, filed November 1, 1912; *Bush* v. *Tel. Co., infra,* 176. For the same reason, there was no error in allowing plaintiff to testify to suffering and inconvenience resulting to her from the absence of her son, and in refusing to charge that she could not recover therefor.

There ·was no error in refusing to charge defendant's third request, that the telegram did not relate to "recklessness or death," and in the absence of allegation and proof of special damages and notice thereof to defendant, 3 plaintiff could not recover. The word "recklessness," in the first clause of the first proviso of the act of 1909, to wit, "That when a telegram shows on its face that it relates to recklessness or death" was clearly a clerical or typographical error, and the word "sickness" was evidently intended. *Harrelson* v. *Tel. Co.*, 90 S. C. 137. The error has been corrected by amendment (27 Stat. 226). The Court properly read the act as if the word "sickness" had been used. Considering the language of the telegram and the inferences which might have been 4 drawn from it, the Court would have invaded the province of the jury and charged upon the facts, if it had charged that it did not relate to sickness.

The exceptions are all disposed of by what we have said or by the principles decided in the cases above cited.

Affirmed.

Mr. Justice Watts *did not sit.*