### 9102.

## GALLOWAY v. WESTERN UNION TELEGRAPH CO.

### (85 S. E. 309.)

TELEGRAMS. FAILURE TO DELIVER. EXCUSE. SPECIAL DAMAGES. MENTAL ANGUISH. EVIDENCE. APPEAL AND ERROR.

1. SPECIAL DAMAGES—NOTICE.—Testimony that a telegram was received for transmission by a company from the superintendent of a hospital, in the name of a woman asking to be met at a railway station, and that the agent of the company noted the name of the hospital as the residence of the sender, tends to show that when the company received the telegram it had knowledge of facts sufficient to put it on inquiry, which, if pursued with due diligence, would have led to notice of the fact, that the sender was an invalid at the hospital, and that issue was properly submitted to the jury.

2. TELEGRAPH COMPANIES—WILFULNESS.—Where a telegraph company satisfactorily explains its failure to deliver a telegram, and excludes any inference of wilfulness, there is no evidence to support a finding for punitive damages.

3. Telegrams—Mental Anguish.—An addressee of a telegram may testify as to his suffering mental anguish in consequence of a failure to receive a telegram, which prevented him from meeting his wife at a railway station.

4. Telegrams—Evidence—Relevancy.—The admission, in an action by a husband, the addressee of a telegram, to recover damages suffered in consequence of its failure to reach him, which prevented his meeting his wife on a journey, of the wife's testimony that she would not have undertaken the journey had she known of the nondelivery of the telegram, was not an erroneous exercise of the Judge's discretion.

5. Telegrams—Charge.—A charge that where a telegraph company receiving a telegram for transmission knows, or should have known, that circumstances will prevent a prompt delivery, it should not lead the sender to believe the contrary, approved.

6. Telegraphs and Telephones—Instrument—Construction.—Where a telegram contained the name of a sanitarium, indicating the residence of the sender, the Court should not construe it, but it is for the jury to determine whether from that notation the company had notice that the sender was an invalid.

7. Appeal and Error.—Where the Court is equally divided in opinion as to whether there is evidence to support a verdict for actual damages, a judgment based upon such verdict is affirmed.

Before Gage, J., Darlington, Spring term, 1913.   Modified.

· Action by J. R. Galloway against Western Union Telegraph Company.   The facts are stated in the opinion. From a judgment in favor of the plaintiff for $100.00 punitive damages and $100.00 actual damages, the defendant appeals on the following exceptions:

1. His Honor erred, it is respectfully submitted, in allowing the following testimony of Dr. Wm. Eggleston to be introduced over objection of the defendant:

Footnote.—As to right of addressee of telegram to sue for damages for mental anguish resulting from negligence in delivery of telegram, see notes in 49 L. R. A. (N. S.) 275, and 30 L. R. A. (N. S.) 1116. As to necessity and sufficiency of notice to telegraph company that negligence in respect to the telegram might cause mental anguish, see note in 49 L. R. A. (N. S.) 308.

"Mr. Willcox: May it please the Court, we object to this in the inception of this case. Here is a message from this lady in Richmond to her husband to meet her at a train. As to her condition she is not suing. She is not suing, her husband is suing. There is nothing in the telegram which discloses to the telegraph company her condition. The Court: I don't know; I don't reckon anybody will know' until the Supreme Court declares. Note the exception. Q. What was Mrs. Galloway's condition at the time of this transaction? A. A very ill woman."

The error in admitting said testimony was because there was nothing on the face of the telegram which disclosed to the defendant the condition of plaintiff's wife, and that mental anguish would result to the plaintiff in case of the failure to deliver the telegram promptly.

2. His Honor erred, it is respectfully submitted, in allowing the following testimony to be introduced over the objection of the defendant:

"Q. Mrs. Galloway, what was your condition then? A. I was— Objected to. Mr. Willcox: We object to that, may it please the Court, on two grounds. Regardless of the statute, there is no notice in the message as to her physical condition. There is nothing contained in the message which should have put the telegraph company on inquiry. That objection applies to her husband as well as herself. The second objection is that she is not suing, but her husband is suing, and knew nothing about it, and could not have had mental anguish by reason of her physical condition as of a past date. The Court: Go ahead. Q. Did you need assistance in Florence when you got there? A. I certainly did."

The error in admitting said testimony was because there was nothing on the face of the telegram which disclosed to the defendant the condition of the plaintiff's wife, and that mental anguish would result to the plaintiff in case of the failure to deliver the telegram promptly.

11—101

3. His Honor erred, it is respectfully submitted, in allowing the following testimony of Mrs. Carrie King to be introduced over the objection of the defendant:

"Q. State to the Jury her condition. A. Well, she came there just about half past six, I expect it was, as near as I can remember, and there was no one up but my daughter and her papa, and she came to the door and called me and told me to get up quick, Cousin Dora was at the door. I said, 'No, it can't be possible,' because we were not expecting her to be out— Objected to. Q. Confine yourself to the condition of Mrs. Galloway. A. She was just as sick as she could be. Mr. Willcox: We object to all that testimony without repeating it. The Court: Yes, sir."

The error in admitting said testimony was because there was nothing on the face of the telegram which disclosed to the defendant the condition of the plaintiff's wife and that mental anguish would result to. the plaintiff in case of the failure to deliver the telegram promptly.

4. His Honor erred, it is respectfully submitted, in allowing the following testimony of the plaintiff to be introduced over the objection of the defendant:

"Q. Tell the jury how you felt about not being able to meet her at Florence? Objected to. The Court: The statute says that telegraph companies shall be liable in damages for mental anguish or suffering. It does not say when the mental anguish shall take place, whether before or after the event. Mr. Willcox: We object on the further ground that no man can tell how much mental anguish he suffered. Q. Did you suffer any mental anguish? Objected to, on same ground. The Court: Mental anguish resides .in the conscience, and if a man does not know his own conscience, who does? Q. Tell the jury how you felt. A. Well, I felt mighty bad, when I heard that she was in Florence and knew how bad off she was. Any man who has got a wife can imagine how one would feel in such a condition."

The error being that it was for the jury to say, after hearing the facts, what mental anguish or suffering the plaintiff should have sustained under the circumstances, and plaintiff's conclusions on the subject could not be put in evidence.

5. His Honor erred, it is respectfully submitted, in allowing the following testimony to be introduced in reply over the objection of the defendant:

"Q. Mrs. Galloway, if you had known at the time you sent that message that it would not reach your husband, would you have left Richmond? Objected to. The Witness: No, sir, I would not. Objected to as not in reply. The Court: I think it is; I think it is competent. Q. You say you would not have left Richmond? A. Indeed not."

The admission of this testimony was error because there was no allegation in the complaint laying a foundation for its introduction, and it was not in reply to any testimony introduced by the defendant.

6. His Honor erred, it is respectfully submitted, in refusing to direct a verdict in favor of the defendant at the close of the whole case, for the reasons stated as grounds of said motion, which were as follows:

First. The entire testimony shows that there was no wilfullness in the case.

Second. The entire testimony shows that there was no gross negligence in the case.

Third. The entire testimony shows that there was no negligence in the case, as a proximate cause of any mental suffering.

Fourth. The telegram was sent from Virginia, where the common law prevails, and there was no proof of any delict in South Carolina.

Fifth. The evidence does not warrant any recovery for mental anguish on the part of the addressee, J. R. Galloway.

Sixth. The amendment to the mental anguish statute of 1909, further amended in 1911, has no application to this

case, because in no manner has that act changed the rule, which requires that a message itself shall contain notice of the ground for any mental anguish, or that the telegraph company should otherwise know it.

7. His Honor erred, it is respectfully submitted, in giving to the jury the following instruction:

"You are further instructed that if there was wire trouble, of which defendant knew or ought to have known, and on that account the defendant could not promptly transmit and deliver the telegram, it was defendant's duty not to receive the message; and if it knew at the time it received the message or could and should have known of its inability to transmit the same, it should have informed the sender."

This instruction was erroneous because it is not the duty of a telegraph company to refuse to receive a message when it knows that there is trouble with the wires, because such trouble may be repaired and the wires restored to service, or the company may, outside of the usual route or through other instrumentalities, transmit and deliver the message.

8. His Honor erred, it is respectfully submitted, in giving the jury the following instruction:

"If the telegram was plain, free from ambiguity, it being a written instrument, it would be my duty to tell you whether or not it carried this notice to the telegraph company, but inasmuch as it is not plain, and inasmuch as there is other evidence by witnesses on the stand, it is my duty to leave to the jury to determine whether or not the operator at Richmond ought to have known from the telegram and from the circumstances afterwards happening that it was a sick woman in the hospital, and that it ought to have immediate attention."

This instruction was erroneous for the reason that the Court thereby left it to the jury to construe the telegram, about the existence of which there was no question, and the construction of which was a question of law for the Court and not for the jury.

9. His Honor erred, it is respectfully submitted, in giving the jury the following instruction:

"Did the telegraph company know when it received the telegram, or, under all the circumstances ought it to have known, that the wires were down? If it knew that the wires were down and it couldn't send the telegram it ought not to have received the paper, because its duty when it receives the paper is not to hold it, but to transmit it. Whether or not it knew that its wires were down is a question for the jury, and you must decide it from the testimony, and if it did not know its wires were down at the time it received the telegram, and if a storm came and blew down its wires so as to make it unable to send the telegram over its wires, or if you believe that is so, if you give credit to the witnesses who have testified, then I charge you there is no proof of wilfulness, because the delay is then explained. I charge you that as a matter of law and leave for you to say whether or not it knew the wires were down."

This instruction was erroneous because it is not the duty of a telegraph company to refuse to receive a message when it knows that there is trouble with the wires, because such trouble may be repaired and the wires restored to service, or the company may, outside of the usual route or through other instrumentalities, transmit and deliver the message.

*Messrs. Geo. H. Fearons, Willcox & Willcox* and *Henry E. Davis,* for appellant, submit: *Evidence as to wife's condition as basis for special damages irrelevant:* 106 S. W. 486; 46 So. 1024; 93 S. C. 119. *Distinguishes* 90 S. C. 503. *Husband's testimony as to his mental suffering incompetent:* 69 S. C. 538; Jones on Telegraphs 558, par. 581; 79 Tex. 649; 24 Tex. 84. *No evidence to show wilfulness:* 73 S. C. 523; 77 S. C. 148; 82 S. C. 478; 76 S. C. 301; 77 S. C. 399; *Ib.* 522; 78 S. C. 109; 82 S. C. 87; *Ib.* 510; 83 S. C. 22; 87 S. C. 317. *Common law prevailing in Virginia governs case:* 66 S. C. 91; 81 S. C. 24; 92 S. C. 423:

57 S. C. 325; 93 S. C. 119; 87 S. C. 219. *No evidence of mental anguish on part of addressee:* 70 S. C. 422. *Act of God explaining failure:* 72 S. C. 350. *Construction of telegram:* 17 S. C. 477; 24 S. C. 359; 46 S. C. 220; 59 S. C. 591; 66 S. C. 18.

*Messrs. Miller & Lawson,* for respondent, cite: *As to action for mental anguish:* 37 Cyc. 1784; 92 S. C. 304; 83 S. C. 8; 78 S. C. 502; 71 S. C. 261; 37 Cyc. 1788; 14 L. R. A. (N. S.) 927; 103 Am. St. Rep. 985; 67 S. C. 347; 19 L. R. A. (N. S.) 502; 72 S. C. 523. *Plaintiff's testimony as to mental suffering:* 8 A. & E. Enc. of L (2d ed.) 659; 75 Tex. 531; 37 Cyc. 1738; 73 S. C. 524; 77 S. C. 56; 19 L. R. A. (N. S.) 409. *As to delict in this State:* 79 S. C. 160; 92 S. C. 354. *As recovery of mental anguish by the addressee:* 2 Joyce Elec. Law, sec. 812b; 37 Cyc. 1667, 1784, 1788; 92 S. C. 304; 83 S. C. 8; 78 S. C. 502; 71 S. C. 261; 14 L. R. A. (N. S.) 927; 103 Am. St. Rep. 985; 67 S. C. 347; 19 L. R. A. (N. S.) 502. *Failure to notify sender of conditions preventing delivery:* 67 L. R. A. 153; 8 Ind. App. 246; 34 N. E. 581; 12 Ind. App. 17; 39 N. E. 881; 16 L. R. A. (N. S.) 870; 78 Am. St. Rep. 670; Joyce Electric Law, sec 735a; 90 S. C. 498, 502.

May 12, 1915.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages alleged to have been sustained by the plaintiff through the wrongful acts of the defendant, in failing to deliver the following message from his wife at Richmond, Va., on the 18th of February, 1910: "To J. R. Galloway, Hartsville, S. C.: Will leave Richmond seven o'clock tonight. Meet me in Florence."

The jury rendered a verdict in favor of the plaintiff for one hundred dollars actual damages, and one hundred dol-

lars punitive damages, and the defendant appealed upon exceptions, which will be reported.

The first question that will be considered, is whether there was any testimony tending to show that the defendant had notice when the telegram was deliv- . ered to it for transmission that Mrs. Galloway was an invalid.

The message was telephoned to the defendant by Miss Rosa Hancock, superintendent of Johnson-Willis Sanitarium, where Mrs. Galloway was under treatment as an invalid. Miss K. M. Ellis, who was in the employment of the defendant at its office in Richmond, received the message and wrote on it the words "Johnson-Willis," so as to indicate the residence of the sender of the telegram.

His Honor, the presiding Judge, charged the jury as follows:

"The telegram reads: 'Will leave Richmond seven o'clock tonight. Meet me in Florence,' and to the left is 'Johnson-Willis.' You heard the testimony of the witnesses on the stand about what that means. You heard the testimony of the young lady operator at Richmond, and you heard the testimony of Mrs. Galloway, and I leave it to the jury to say whether or not, from that testimony, and from this telegram, the operator at Richmond ought to have known that there was a sick woman at the hospital, and this telegram was about her. If you find that issue for the telegraph company, that they had no such notice, then they are not liable. If you find from the preponderance of the testimony that they ought to have had such notice, that the words on the telegram 'Johnson-Willis,' and from the testimony of other witnesses, that the operator ought to have known that this lady was at the hospital, and that the probability was that she was sick, then the telegraph company had notice, and then they would be liable."

The testimony tends to show that the defendant had knowledge of facts sufficient to put it on inquiry, which, if

pursued with due diligence, would have led to notice of the fact that Mrs. Galloway was an invalid at a hospital.

The issue of notice was, therefore, properly submitted to the jury.

The next question is whether there was any testimony tending to show that the plaintiff was entitled to punitive damages.

The explanation given by the defendant for its failure to deliver the message is satisfactory, and shows that the plaintiff was not entitled to punitive damages.

The next assignment of error is, because his Honor, the presiding Judge, erred in allowing the plaintiff to testify that he had suffered mental anguish on the ground that this was a question to be determined by the jury, from the facts and circumstances in the case.

It is true the jury must determine whether the plaintiff suffered mental anguish from the facts and circumstances, but there is no good reason why they should not also consider the testimony of the plaintiff, as to his suffering.

The authorities cited by the respondent's attorneys show that this assignment of error cannot be sustained.

The next question is whether there was error in permitting Mrs. Galloway to testify in reply, that she would not have left Richmond, at the time mentioned in the telegram, if she had known that it would not be delivered to her husband.

The appellant has failed to satisfy us that the presiding Judge's discretion was erroneously exercised.

The propositions which the presiding Judge charged, as set forth in the seventh and ninth exceptions, merely mean that a telegraph company should not lead a sender to believe that the message will be delivered promptly, when it knows, or should know, that circumstances will prevent a prompt delivery.

In this there was no error.

The eighth exception cannot be sustained, for the reason that there was no necessity for construing the telegram, but the words "Johnson-Willis" therein contained, were properly considered by the jury in connection with the other testimony in determining whether the defendant had notice of Mrs. Galloway's physical condition.

The charge of the presiding Judge is sustained by the cases of *Holliday* v. *Pegram,* 89 S. C. 73, 71 S. E. 367, and *Watson* v. *Paschall,* 93 S. C. 537, 77 S. E. 291.

The four members of the Court who participated in the hearing of the appeal herein, being agreed that punitive damages cannot be recovered, the judgment as to such damages is reversed, but the Court being equally divided upon the question, whether plaintiff is entitled to recover actual damages, the judgment for such damages is affirmed.

MR. JUSTICE WATTS concurs in the opinion delivered by the Chief Justice.

MR. JUSTICE HYDRICK, *dissenting.* I think the verdict should have been directed for defendant on the fourth ground of the motion therefor.

MR. JUSTICE FRASER concurs in the opinion delivered by MR. JUSTICE HYDRICK.

MR. JUSTICE GAGE, having heard the case on Circuit, was disqualified, and took no part in the consideration of this case.