### 12227

### MELVIN v. WESTERN UNION TELEGRAPH COMPANY

#### (138 S. E., 673)

1. TELEGRAPHS AND TELEPHONES—UNDER MENTAL ANGUISH STATUTE, TELEGRAM NEED NOT SHOW THAT IT RELATES TO SICKNESS OR DEATH, NOR COMPANY HAVE OTHER NOTICE (CIV. CODE 1922, § 5036).— Under the mental anguish statute (Civ. Code 1922, § 5036), it is not necessary that telegram on which action for damages for mental anguish is based should show on its face that it relates to sickness, to death, or that telegraph company had notice otherwise that mental anguish would result from delay or nondelivery.

2. CONSTITUTIONAL LAW—TELEGRAPHS AND TELEPHONES—LAW RELATIVE TO DAMAGES FOR MENTAL ANGUISH FOR NONDELIVERY OF TELEGRAM HELD CONSTITUTIONAL, AS NOT VIOLATIVE OF DUE PROCESS OR EQUAL PROTECTION (CIV. CODE 1922, § 5036).—Mental anguish statute (Civ. Code 1922, § 5036) relative to damages for mental anguish resulting from nondelivery of telegram, *held* constitutional as not in violation of due process and equal protection clauses of State and° Federal Constitutions.

3. TELEGRAPHS AND TELEPHONES—ACTUAL DAMAGES NEED NOT BE SHOWN TO SUPPORT RECOVERY FOR PUNITIVE DAMAGES BASED ON MENTAL ANGUISH FOR NONDELIVERY OF TELEGRAM (CIV. CODE 1922, § 5036).—In action under the mental anguish statute (Civ. Code

1922, § 5036) for damages based on mental anguish resulting from nondelivery of telegram, it is not necessary to show actual damage in order to support verdict for punitive damage.

Before TOWNSEND, J., Dillon, May, 1926.    Affirmed.

Action by William Melvin against the Western Union Telegraph Company.    Judgment for plaintiff, and defendant apppeals.    Affirmed.

*Messrs. Prince & Nock, Nelson & Mullins, and Francis R. Stark,* for appellant, cite: *What constitutes notice to company that failure to deliver telegram will cause sender or receiver mental anguish:* 53 Tex. Civ. App., 222; 48 S. E., 559; 174 S. W., 738; 47 S. E., 597; 48 S. E., 55; 244 S. W., 577. *Prior to amendment* (1909) *to mental anguish statute, before recovery could be had must show close relationship:* 77 S. C., 148; 81 S. C., 235; 79 S. C., 257. *No recovery unless company had notice plaintiff was interested:* 74 S. C., 491. *Statute requires telegram to show on its face that mental anguish will result from nondelivery:* 80 S. C., 503; 93 S. C., 119; 101 S. C., 159. *Statute must be strictly construed:* 25 R. C. L., 970. *Act relative to case at bar as construed by Circuit Court is unconstitutional:* 63 S. C., 425; 152 U. S., 133; 38 L. Ed., 385; 169 U. S., 366; 42 L. Ed., 780; 71 S. C., 29. *Construed correctly is constitutional:* 93 S. C., 117; Id., 173; Id., 176. *Actual damages must be proved in order to support verdict for punitive damages:* 108 S. C., 217; 101 S. C., 20. *Extent of recovery:* 49 L. R. A., 241; 9 S. W., 958; 232 S. W., 487; 55 Tex., 308. *Cases distinguished:* 127 S. E., 238.

*Messrs. J. M. Lynch, Sam J. Royall, and Gibson & Muller,* for respondent, cite: *Mental anguish statute unqualifiedly allows recovery where company negligent in making delivery:* 90 S. C., 503. *Same, constitutional:* 63 S. C., 425; 57 L. R. A., 607; 162 U. S., 650; 40 L. Ed., 1105; 220 U. S., 364; 55 L. Ed., 498; 220 U. S., 61; 55 L. Ed.,

369. *"Mental anguish"*: 83 S. C., 8; Id., 68. *Any evidence of actual damages will support verdict for punitive damages:* 70 S. C., 418; 77 S. C., 50. *Cases distinguished:* 93 S. C., 119; 101 S. C., 159.

June 23, 1927.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

This is an action for damages based upon mental anguish suffered by the respondent, as the result of the nondelivery of a telegram, addressed to him at Johnsonville, S. C. The telegram read as follows: "Come home at once you are needed."

The telegram related to the illness and impending confinement of respondent's wife. If it had been promptly received, respondent would have left Johnsonville and returned to his home in Florence, and would have been able to be with his wife, during her suffering and illness, several hours earlier than he did arrive in Florence.

The case was tried before Hon. W. H. Townsend and a jury, having resulted in a verdict for the respondent. Appellant has appealed upon a number of exceptions, which present for determination three questions:

"I. Under the mental anguish statute of South Carolina, is it necessary that the telegram show upon its face that it relates to sickness or death, and, in the event that it does not so show, is it necessary that the telegram company have notice otherwise that mental anguish would result from delay or nondelivery?

"II. If, under the act in question, such notice is not necessary, is the act unconstitutional, as being in violation of the due process and equal protection clauses of the State and Federal Constitutions?

"III. In an action under the Statute, is it necessary to show actual damage in order to support a verdict for puni-

tive damages, and was there testimony sufficient to show actual damages in this case?"

The mental anguish statute (Civ. Code 1922, § 5036) is plain, and has been construed in the case of *Cameron v. Western Union Telegraph Co.*, 90 S. C., 503; 74 S. E., 929. In that case the late lamented Mr. Justice Fraser says:

"It is hard to see how the defendant would not be liable for mental anguish which resulted from the negligence in delivering this telegram (if there was negligence) whether such a message afforded notice that injury or damage would result, if such injury resulted as a matter of fact. This may look to some like a hardship; but it is not the province of this Court to condemn or defend. The power to amend does not belong to this department of government. We have no dispensing power."

We do not think that the case of *Stewart v. Western Union Telegraph Co.*, 93 S. C., 119; 76 S. E., 111, nor *Galloway v. Western Union Telegraph Co.*, 101 S. C., 159; 85 S. E., 309, overrules the *Cameron case, supra.* We adhere to the ruling in the *Cameron case.*

We do not think that the Statue is unconstitutional under the case of *Simmons v. Western Union Telegraph Co.*, 63 S. C., 425; 41 S. E., 521; 57 L. R. A., 607, wherein this Court said:

"This legislation deprives telegraph companies of no right. Its design is to compel the performance of a duty imposed by law and their own contract. They have no right to be negligent in the conduct of their duties and business, which so largely affects the public welfare. It is neither arbitrary nor oppressive that they shall be liable for such damages, including mental suffering, as a competent legal tribunal shall determine to be the result of their negligence."

In the case of *Stewart v. Telegraph Co.*, previously cited, Mr. Justice Hydrick considered at some length the ques-

tion of the constitutionality of the Statute, which is now in force, and lays down the rules by which the constitutionality of such legislation is to be determined:

"So much has been said with regard to the power of the Legislature to classify persons and corporations in the enactment of laws governing their relations to and dealings with the public that we shall not attempt to add anything on that subject, but shall content ourselves with reference to a few of the many decisions which are of controlling authority. It is settled that telegraph companies are peculiarly the subject of a distinct classification in such legislation. *Simmons v. Telegraph Co.,* 63 S. C., 425; 41 S. E., 521; 57 L. R. A., 607.

"It is the duty of telegraph companies to exercise reasonable care and diligence to the end that all messages received by them shall be transmitted and delivered promptly; and it is within the power of the states to enforce performance of this duty by reasonable and appropriate legislation. *Western Union Tel. Co. v. James,* 162 U. S., 650 [16 S. Ct., 934], 40 L. Ed., 1105; Same [*Western Union Tel. Co.*] *v. Crovo,* 220 U. S., 364 [31 S. Ct., 399], 55 L. Ed., 498.

"Mr. Justice Van Devanter, in delivering the opinion of the Court in *Lindsley v. Natural Carbonic Gas Co.,* 220 U. S., 61 [31 S. Ct., 337], 55 L. Ed., 369, states the rules by which classification for the purpose of legislation must be tested, as follows: '(1) The equal protection clause of the Fourteenth Amendment does not take from the state the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis, and therefore is purely arbitrary. (2) A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety, or because in practice it results in some inequality. (3) When the classification in such a law is called in question, if any state of facts reasonably can be

conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. (4) One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary.' "

As to III: Exceptions raising this question are overruled under the cases of *Arial v. Western Union Telegraph Co.,* 70 S. C., 418; 50 S. E., 6; *Doster v. Western Union Telegraph Co., 77* S. C., 56; 57 S. E., 671; *Ogilvie v. Western Union Telegraph Co.,* 83 S. C., 8; 64 S. E., 860; 137 Am. St. Rep., 790; *Talbert v. Western Union Telegraph Co.,* 83 S. C., 68; 64 S. E., 862; 916.

All exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES BLEASE and STABLER and MR. ACTING ASSOCIATE JUSTICE PURDY concur.

MR. JUSTICE COTHRAN (dissenting): The Court, in the case of *Stewart v. Tel. Co.,* 93 S. C., 119; 76 S. E., 111, adverted to the position taken by counsel for the telegraph company that the mental anguish statute was unconstitutional, in that "it denies to telegraph companies alone the benefit of the general rule, of which all other litigants are allowed the advantage, that a plaintiff cannot recover special damages, without alleging and proving that the defendant had notice, at the time of making the contract, of the circumstances out of which such damages might arise, in the event of its breach"; and in answering the objection of the unconstitutionality of the statute say:

"The Statute does not abolish the rule altogether, in its application to telegraph companies, but only with respect to that class of messages which carry on their face what the legislature deems to be sufficient notice to the company, when the contract is made, that special circumstances exist, to wit, sickness or death, out of which special damages may arise, if the contract is broken."

This doctrine is approved in the *Galloway case,* 101 S. C., 159; 85 S. E., 309, where the Circuit Judge (Hon. Geo. W. Gage, later an Associate Justice of this Court), said:

"According to the last deliverance, the *Stewart case,* the telegraph company is not liable for damages (special?) unless the telegram shows on its face that it relates to sickness or death, unless there be proof aliunde that the telegraph company did have that notice."

The *Stewart case* is reaffirmed also in *Graham v. Tel. Co.,* 93 S. C., 173; 76 S. E., 200; *Bush v. Tel. Co.,* 93 S. C., 176; 76 S. E., 197.

The *Cameron case,* 90 S. C., 503; 74 S. E., 929, decided prior to the *Stewart* and *Galloway cases,* held that the telegraph company was liable in special damages whether the telegram showed upon its face that it related to sickness or death, or whether it had notice aliunde of the special circumstances.

As Judge Gage held: "The two cases (*Cameron* and *Stewart*) are to my mind inconsistent."

I think that it is inevitable that they should be so held. It follows that the adoption of the principles declared in the *Cameron case,* necessarily, from the decisions in the *Stewart* and *Galloway cases,* would render the statute unconstitutional in this respect.